## STATE v SCHROYER

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3131. Decided Sept. 21, 1940.

Roland C. Allen, Police Prosecutor, Columbus, for plaintiff-appellee.

W. E. McKinley, Columbus; D. A. Pieros; H. J. Heilman, Columbus, for defendant-appellant.

## OPINION

By GEIGER, J.

Two cases, tried together in the criminal division of the Municipal Court of the City of Columbus, are before this Court on a single appeal on questions of law.

On the 14th day of November, 1939, two affidavits were filed in the Court below charging the defendant, Raymond Schroyer, with the offense of petit larceny. One affidavit related to the alleged offense of stealing postage stamps from the Equitable Life Insurance Company on October 25, 1939, and the other, to a like offense committed upon October 30, 1939.

At the conclusion of the state's case the defendant moved to dismiss, which motion in each case was overruled. The defendant thereupon rested and renewed his motions which were again overruled. The Court then found the defendant-appellant guilty of both charges and sentenced him to thirty days on each charge, and in addition

thereto to pay a fine of $100.00 on each conviction.

The defendant-appellant files in this Court three assignments of error alleged to be prejudicial to the defendant. The first relates to a claim that the venue of the crime was not proved and it is asserted that the bill of exceptions discloses no testimony regarding the city, county or state where the alleged crime occurred, and that no evidence is disclosed further than to fix the offense as having been committed in the office of the company in the Beggs Building, without designation as to where said office is located in reference to a county or state.

One affidavit charges that on or about the 25th of October, at the City of Columbus, County of Franklin and State of Ohio, the defendant did unlawfully steal, take and carry away two rolls of postage stamps of the value of twenty dollars, the property of the Equitable Life Insurance Company. Such affidavit was sworn to before Arthur J. Blosser, Clerk of the Municipal Court of the City of Columbus, Ohio.

The caption of the various papers filed indicates the Municipal Court of Columbus. However, it must be conceded that it is necessary to prove venue, and this is not accomplished by presenting papers with the caption of a court located in a given city or county. Such affidavits are not evidence.

The rule is well stated in **State v Dickerson, 77 Oh St, p. 34,** Syllabus 1:

"In the prosecution of a criminal case it is not essential that the venue of the crime be proven in express terms, provided it be established by all the facts and circumstances in the case beyond a reasonable doubt that the crime was committed in the county and state as alleged in the indictment."

Within the limit of this rule we are of the opinion that the bill of exceptions in each case furnishes evidence sufficient to justify the finding that the offense was committed in Columbus, Franklin County, Ohio. It is repeated at a number of places that the office of the company from which the stamps were stolen was located in the Beggs Building, a well known down town structure in Columbus. It also is disclosed that some of the transactions took place at the Virginia Hotel, a well known hotel in the city of Columbus. One of the witnesses testified that she was secretary to one of the officers of the company and was so employed on the dates in question, at which time she saw the defendant at the office of the company in close proximity to the safe in which the postage stamps were kept, and from which they disappeared soon after the presence of the defendant. She testified that the office was in the Beggs Building. On being inquired of how large the office was, the question was asked of the witness,

"I mean the number of people in there" (the office)?
A. In the Columbus office. you mean?
Q. In your office, you were over in the Beggs Building?"

Ray Archer, a police officer, was a witness who stated that he was a police officer in the city of Columbus, Ohio; continuing, to the effect that the officers called on the Equitable Life Insurance Society in the Beggs Building, where they made inquiry as to the theft and then questioned Mr. Schroyer at 22 North Third Street, in front of the Virginia Hotel. At other points in the record well known places in Columbus are alluded to.

We do not wish to in any way endorse carelessness in proving essential matters in the trial of criminal cases, but are of the opinion that the evidence is well within the rule laid down in State v Dickerson, supra.

We find no prejudicial error in the first assignment.

The second assignment is that the **corpus delicti** was not proved at the time the State attempted to prove or offered evidence regarding a confession, it being asserted that the only evidence offered by the State regarding

678

the commission of the crime was that the stamps were missing, there being no evidence of the kind of stamps, whether postage, revenue or sales tax stamps. It may be said that there is evidence of the person who purchased the stamps from the defendant that they were two and three cent stamps and that he used postage stamps, and there is much additional evidence to the effect that the stamps in question were in fact postage stamps.

In the case of **State v Miranda, 94 Oh St 364**, Wanamaker, J., delivered the opinion of the Court. The syllabi are to the effect,

"1. By the **corpus delicti** of the crime is meant the body or substance of the crime included in which are usually two elements: (1) The act; (2) The criminal agency of the act.

2. It has long been established as a general rule in Ohio that there must be some evidence outside of the confession tending to establish the **corpus deliciti** before such confession is admissible. The **quantum** or weight of such evidence or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt nor even enough to make a **prima facie** case. It is sufficient if there is **some** evidence outside of the confesssion that tends to prove **some** of the material elements of the crime charged."

In the case there under discussion it seems to us that the evidence offered was far less as to the commission of the crime than in the case at bar.

We are of the opinion that there was sufficient evidence as to the **corpus delicti** to permit the introduction of the alleged confession of the defendant. We find no error in the second assignment.

The third assignment is that the evidence introduced does not prove beyond a reasonable doubt that the defendant-appellant was guilty. This, of course, was a matter of judgment for the Court below, and we find that there is abundant evidence which would justify the Court in finding the defendant guilty, and that there was competent testimony that the defendant admitted his guilt. The Court was permitted to take into consideration the fact that the defendant did not testify.

We find no prejudicial error in the Court's assignment. Judgment affirmed. Cause remanded.

HORNBECK, PJ. & BARNES, J., concur.