**STATE, Plaintiff-Appellee, v. STEWART, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1876. Decided December 10, 1945.

Mathias H. Heck, Prosecuting Attorney, and Robert Schroader, Asst. Pros. Atty., Dayton, for plaintiff-appellee.
Merritt E. Schlafman, Dayton, for defendant-appellant.

## OPINION

By MILLER, J:

The defendant-appellant was charged with contributing to the delinquency of a minor under §1639-45 GC. After the jury had been impaneled and sworn and before the opening statements of counsel or any evidence had been introduced, it was moved by the State that the affidavit be amended as follows:

"It is further charged that the defendant has been formerly convicted, sentenced and imprisoned for a misdemeanor under the laws of Ohio."

The motion was sustained and the amendment allowed. The amendment was made in order to comply with the requirements of §§4130 and 4131 GC. Sec. 1639-39 GC, provides that the affidavit may be amended at any time before or during trial.

The errors assigned may be summed up as follows:

(1) Secs. 4130 and 4131 GC, are in violation of Art. I Sec. 10 of the Constitution of Ohio.

(2) The Court erred in not granting a new trial.

(3) No venue was established.

The amendment to the affidavit was made in conformance with §4130 GC, which reads as follows:

"Every person who, after having been convicted, sentenced and imprisoned, in any workhouse * **, is convicted of a second misdemeanor * ** shall for such second offense, be punished by imprisonment for not less than double the penalty imposed for the first offense, * **. But no greater punishment shall be inflicted for the second and third misdemeanor, than the maximum penalty provided by law or ordinance for the particular offense committed."

Sec. 4131 GC, provides for the penalty for those having been three times convicted and then provides:

"The fact of former convictions shall be charged in the information or complaint and, if proved, shall be stated in the commitment."

It is the contention of the defendant that these sections are in violation of Art. I Sec 10 of the Constitution of Ohio which provides that a person shall not be put in jeopardy twice for the same offense. We cannot agree with counsel that the defendant as charged in the affidavit is being tried or punished again for the prior offense. Our statutes merely provide that on a conviction for a violation of a city ordinance or state law for a second or third time, the penalty shall be greater than for the prior offense, but not in excess of the maximum penalty provided for the particular violation, providing the offense is punishable by an imprisonment in any workhouse. This view is supported by Larney v Cleveland, 34 Oh St, 599.

"Where a greater punishment may be inflicted on a conviction for a second or subsequent violation of the criminal

law, than for the first, the fact that the offense charged is a second or subsequent offense must be averred in the indictment or information, in order to justify the increased punishment."

Also in **Blackburn v State, 50 Oh St, 428,** in speaking of the habitual criminal act (88 O. L. 237), the Court said, syllabus 3:

"The statute does not create a new offense, but attaches an additional penalty to the commission of any felony, where the perpetrator thereof has been twice previously convicted * *."

It is further contended that these sections are in conflict with §13444-17 GC, which provides:

"When the defendant offers evidence of his character or reputation, the prosecution may offer in rebuttal thereof, proof of his previous conviction of a crime involving moral turpitude, in addition to other competent evidence."

It will be noted that this section refers to the admission of evidence after the defendant has offered evidence as to his character. **Secs. 4130** and **4131 GC,** are not on this subject and therefore there can be no conflict.

The defendant filed a motion for a new trial supported by the affidavit of an officer of the State Liquor Control Department who says he had the place of business of the defendant under surveillance and did not see any minor under the age of eighteen years in or about the premises.

The overruling of this motion was not error, as the newly discovered evidence was of an entirely negative nature. The affidavit of the witness does not state that he was present on the specific occasions complained of. The record discloses that numerous witnesses testified that the acts complained of were committed in their presence. The motion was properly overruled.

The third error complained of is that the record does not disclose that the offense was committed in the County of Montgomery and State of Ohio. It is true that this direct question was not asked of any of the witnesses, but the venue is apparent from a reading of the whole record. Numerous witnesses testified that the offense was committed at 1007 Germantown Street. Lillian Lee, the first witness called, testified that she resided at 540 S. Summit Street, which is about twelve

blocks from 1007 Germantown Street. On cross-examination she testified that she had lived in Dayton ever since 1936. Since she testified that her residence at 540 S. Summit Street was only about twelve blocks from the scene of the crime it would necessarily follow that it also was in the city of Dayton, Montgomery County, Ohio.

The record also discloses that H. A. Reed, a police officer of the City of Dayton, testified that his duties took him often to 1007 Germantown Street, and that he was dispatched there in a police cruiser when the offense was alleged to have been committed and the arrest made.

Harry Price, another witness, testified that he lived at 1007 Germantown Street, and that he has lived in Dayton since 1929.

In view of the testimony of these and other witnesses the jury was justified in concluding that the offense was committed in the County of Montgomery and State of Ohio.

In **State v Dickerson, 77 Oh St, 34,** this subject was under consideration. Syllabus 1 says:

"In the prosecution of a criminal case, it is not essential that the venue of the crime be proved in express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment."

See also **Whalen v State of Ohio, 26 Oh App., 335.**

Finding no error in the record, the judgment is affirmed and the cause ordered remanded.

HORNBECK, P. J., and WISEMAN, J., concur.