The State of Ohio, Appellee, *v.* Trantham, Appellant.

[Cite as State v. Trantham (1969), 22 Ohio App. 2d 187.]

(No. 368—Decided December 15, 1969.)

*Mr. Robert A. Jones* and *Mr. Chris Erhardt,* for appellee.

*Mr. Hugh C. Nichols,* for appellant.

Hess, J. This is an appeal from the conviction of the defendant, appellant herein, by the Court of Common Pleas of Clermont County on an indictment for incest. Hereinafter, the parties will be referred to as they appeared in the Court of Common Pleas.

The record discloses that the defendant was indicted for the crime of incest pursuant to Section 2905.07, Revised Code. Specifically, the indictment charges that the defendant, "being a married man, did commit adultery with Sandra Trantham, his daughter, knowing her to be his daughter."

A jury was waived by the defendant, and on August 19, 1968, the trial court found the defendant guilty as charged. Subsequently, the defendant was committed to Lima State Hospital, from which he was discharged as not being a mentally ill offender, a mentally deficient offender, or a psychopathic offender and not committable under the provisions of Section 2947.25, Revised Code.

A motion for a new trial was timely filed. The trial judge died before the motion was heard. His successor heard and overruled that motion in a written opinion filed

on March 4, 1969. On March 20, 1969, sentence was imposed pursuant to the statute in question, and the execution of the sentence was suspended during the pendency of this appeal.

The defendant presents nine assignments of error which he claims were prejudicial to him: (1) the judgment and finding of the court is not sustained by sufficient evidence; (2) the judgment and finding of the court is contrary to law; (3) the court erred in admitting evidence offered on behalf of the state of Ohio to which defendant at the time excepted; (4) the court erred in permitting the witness Sandra Trantham to be interviewed in privacy after taking the witness stand; (5) the court erred in refusing to permit the examination of the witness Sandra Trantham on *voir dire* by counsel for the defendant; (6) the court erred in permitting the prosecuting attorney to persist in examining the witness Sandra Trantham after she had refused for the second time to answer his question; (7) the court erred in refusing to permit counsel for the defendant, the father of Sandra Trantham, to object on her behalf; (8) the court erred in finding the defendant guilty despite the fact that no venue was proved; and (9) other errors of law occurring at the tiral.

In the eighth assignment of error the defendant contends that the evidence fails to prove venue.

A review of the record discloses there are three brief statements which tend to prove venue. Sandra Trantham testified as follows:

"Q. Now you are the daughter of Zon Trantham? Is that correct?

"A. Yes.

"Q. And that is the gentleman seated at the other table?

"A. Yes.

"Q. Now, on or about March 29, 1968, where were you living at that time?

"A. Perintown.

"Q. Was that in a house or an apartment Sandra?

"A. A house.

"Q. And what road was that on, do you know?

"A. It was on Route 50.

"Q. And is that right next to an apartment area there?

"A. Yes, right next door to an apartment building.

"Q. Do you know the name of those apartments?

"A. No, I've forgot the name."

After describing circumstances leading to the alleged act of incest, Sandra Trantham further testified:

"Q. And this was in your apartment, or in your house on Route 50, is that correct?

"A. Yes.

"Q. And these apartments next to you, is that the Siebert apartments, is that the right name?

"A. Yes."

In a criminal prosecution in Ohio venue must be proved, and a conviction may not be sustained where the proof fails to establish beyond a reasonable doubt that the crime alleged in the indictment occurred in the county where the indictment was returned. 15 Ohio Jurisprudence 2d 373, Section 151.

The only evidence presented in this case in relation to venue is that the alleged crime was committed in a house next to Siebert Apartments in Perintown on U. S. Route 50. There is no evidence that Perintown, the house, Siebert Apartments or U. S. Route 50 is in Clermont County or the state of Ohio.

There is no formality or express terms by which venue must be proved, but it is mandatory it be proved beyond a reasonable doubt before a conviction can be sustained. *State* v. *Dickerson*, 77 Ohio St. 34, 13 L. R. A. (N. S.) 341, 122 Am. St. Rep. 479, 1 Ann. Cas. 1181; *State* v. *Schroyer*, 66 Ohio App. 30; *State* v. *Stewart*, 79 Ohio App. 340; *State* v. *Neff*, 104 Ohio App. 289, are cited to support the conclusion that the real test of whether venue has been proved beyond a reasonable doubt is that it must be determined from all the evidence.

In passing on the defendant's motion for a new trial, the court stated, "there is some doubt in the court's mind that the venue has been sufficiently proven, however, after

a careful review of the law in this matter, the court feels that the state has proven venue, and although *there is no direct testimony*, there is no doubt in the court's mind that the crime was committed in the county of Clermont, state of Ohio.'' (Emphasis added.)

That statement is sufficient in itself to determine there was a failure on behalf of the prosecution to prove venue beyond a reasonable doubt. What may have been in the mind of the trial court cannot be considered, unless it was supported by the evidence.

The prosecution having failed to prove venue beyond a reasonable doubt, there is no reason to consider the other assignments of error.

The judgment of conviction by the Court of Common Pleas of Clermont County is reversed and the defendant is dismissed.

*Judgment reversed.*

SHANNON, P. J., and HILDEBRANT, J., concur.