No. 12298

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

KENNETH LUCERO,

Defendant and Appellant.

---

Appeal from:  District Court of the Second Judicial District,
Honorable John B. McClernan, Judge presiding.

Counsel of Record:

For Appellant:

Mark P. Sullivan argued, Butte, Montana.

For Respondent:

Larry J. Stimatz argued, County Attorney, Butte, Montana.
Robert L. Woodahl, Attorney General, Helena, Montana.
J. C. Weingartner argued, Assistant Attorney General,
Helena, Montana.

---

Submitted:  June 13, 1972

Decided: AUG 2 9 1972

Filed: AUG 2 9 1972

Thomas J. Kearney
                              Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by Kenneth Lucero from his conviction of second degree assault by a jury in Silver Bow County, Montana. While Lucero had a separate trial, it was practically identical to the trial of Levi Campbell in the witnesses that testified and the evidence presented. Because of this similarity the statement of facts in the opinion of State v. Campbell, ____Mont. ____, ____P.2d____, ____St.Rep.____(Cause No. 12232) will serve for the statement of facts in this cause.

Lucero, as the sole issue of his appeal, raises the question of whether venue was properly proved. This issue was also raised in the appeal of Levi Campbell but unlike Campbell's case the issue is totally without merit in this case. In Campbell we held that venue like any other material fact in a criminal case could be proved by the use of either direct or circumstantial evidence. In the case of Campbell circumstantial evidence was used to prove the venue of the crime. In this case venue was proved by the direct testimony of one witness. The official transcript of the trial as part of the record on appeal contains the following rebuttal testimony by John Whalen.

"Q. You are the same John Whalen who previously testified in this case? A. Yes.

"Q. Now this is rebuttal and I don't want you to be repeating everything or going over too much on what you testified to on direct examination. If you get off the track, I may interrupt you. Now we are talking about the events that happened at the Dutch Inn Bar, August 7, 1971. Where is the Dutch Inn? A. On the corner of Main Street and Silver Street.

"Q. That's in Butte? A. Yes.

- 2 -

"Q. Silver Bow County? A. Yes."

Therefore we hold that venue was properly proved by the above testimony.

As heretofore stated, the trial record in this cause is practically identical with that in State v. Campbell, and in that cause other challenges were made to the trial proceedings. With that in mind we have examined the record here as to each error contended in the Campbell case which might be applicable here, and we find that our rulings on such matters here would be similar to our rulings set forth in Campbell.

The judgment of conviction is affirmed.

Chief Justice

We concur:

_Wesley Castles_

_Gene B Daly_

_Mark J. Haswell_

_John C. Harrison_

Associate Justices