No. 12232

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

LEVI CAMPBELL,

Defendant and Appellant.

Appeal from: District Court of the Second Judicial District,
Honorable John B. McClernan, Judge presiding.

Counsel of Record:

For Appellant:

Mark P. Sullivan argued, Butte, Montana.

For Respondent:

Larry J. Stimatz argued, County Attorney, Butte, Montana.
Robert L. Woodahl, Attorney General, Helena, Montana.
J. C. Weingartner argued, Assistant Attorney General,
Helena, Montana.

Submitted: June 13, 1972

Decided: AUG 2 9 1972

Filed: AUG 2 9 1972

_____Thomas J. Kearney_____
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

Levi Campbell, appellant, was convicted of second degree assault following a jury trial in Silver Bow County.

The facts of the case taken from the record on appeal are that on August 6, 1971, or during the early morning hours of August 7, 1971, Levi Campbell, Kenneth Lucero and Leonard Lucero attacked and severely assaulted John Ereaux. The assault took place at the Dutch Inn Bar in Butte, Montana. An eyewitness described the scene as the following: John Ereaux was standing watching a fight between Levi Campbell and another man when Leonard Lucero took a swing at him; Ereaux then knocked Lucero to the floor at which time Leonard's wife jumped on Ereaux's back. After throwing her to the floor Ereaux was then grabbed from behind by Campbell and Leonard Lucero began to strike him; Mr. Ereaux was knocked to the floor at which time Campbell and the two Luceros began to kick him. All three pulled him outside and continued to kick him. His resulting injuries were such that his doctor did not expect him to live and there was the possibility of brain damage.

Appellant Campbell raised several issues on appeal. He claims as error the giving by the court below of instruction No. 14 and the refusal of the trial judge to give defense proposed instructions A., B. and C. The State being allowed to add Ereaux's name to the list of witnesses on the opening day of the trial is also claimed as error, and whether he was sentenced properly under Montana's statutes for increased penalty for conviction of a prior felony. The final issue is whether or not venue was properly proved in the trial.

Campbell complains that the giving of instruction No. 14

- 2 -

was error because it did not refer directly to either the statute concerning first or second degree assault and was not related to the facts in the case. The instruction given by the court reads as follows:

> "Every person who commits an assault upon the person of another by any means of force likely to produce great bodily injury is guilty of a crime.
>
> "To constitute that crime the assault must be committed by a means which is used in such manner and with such force that it would be likely to produce great bodily injury.
>
> "Actual bodily injury is not a necessary element of the crime, but, if such injury is inflicted, its nature and extent are to be considered in connection with all the evidence in determining whether the means used and the manner in which it was used were such that they were likely to produce great bodily injury."

The trial court in a previous instruction had already instructed the jury on what the elements of first and second degree assault were, and the State argues that this instruction was needed to further define and explain to the jury what that statutory language meant. In particular the state points out the instruction was necessary to give some meaning to the term "grievous bodily harm", which is used in the second degree assault statute. As a general proposition an instruction in a criminal case must contain an explanation or definition of the crime and normally the wording of the statute will be sufficient but the exact language of the statute need not be given. In a state such as ours where our criminal code uses language which is not common to every day usage it becomes necessary to add explanation so the jurors will understand the law under which they are to decide the case. While a later instruction gave a better or clearer definition of "grievous bodily harm" we cannot see how the appellant was prejudiced by the giving of instruction No. 14 and

therefore we find no error in it being given to the jury.

Counsel for Campbell argues that it was error for the court to refuse to give defense proposed instructions A., B. and C. The State responds to this argument by pointing out that if not the exact language at least the meaning of the proposed instructions was contained in other instructions given by the court. Proposed defense instruction A. reads:

> "In this case, the whole of your number must agree in finding the defendant guilty or not guilty of the crime alleged in the information herein, namely assault in the first degree."

We agree with the State in their contention that the meaning of the above instruction was given in clear language in instruction No. 27, given by the court along with the language concerning lesser included offenses. Instruction No. 27 reads:

> "This being a felony case, all twelve of your number must agree in order to find a verdict. In this case you may find any one of the following verdicts:
>
> "1.  Guilty of Assault in the First Degree
>
> "2.  Guilty of Assault in the Second Degree
>
> "3.  Not Guilty
>
> "When you retire to your jury room, you must select one of your number as Foreman, and he or she must sign any verdict upon which you may agree."

It is our conclusion that the idea expressed in the proposed instruction was better conveyed by the given instruction and therefore it was not error for the court to refuse to give defense instruction A.

Defense proposed instruction B. was totally contained within another instruction given by the court. The second paragraph of instruction No. 3 reads in part:

> "You are not bound to decide in conformity with the declarations of any number of witnesses which

- 4 -

> do not produce conviction in your minds, against
> a less number, or against a presumption, or other
> evidence satisfying your minds."

There would have been no useful purpose served by setting this language off from the rest of the instruction, therefore the court committed no error in using this method.

The court in its instruction No. 2-1/2, in which it instructed the jury on his presumption of innocence and the law concerning reasonable doubt, adequately instructed on those points. Therefore defense proposed instruction C. would not have added anything and the court was correct in refusing to give it.

We have many times stated that in criminal prosecutions where the instructions as a whole correctly stated the law and fully and fairly instructed the jury thereon, there is no error in refusing proposed instructions which were either covered by given instructions or were inapplicable. See State v. Messerly, 126 Mont. 62, 244 P.2d 1054, and cases therein cited. Such is the case here.

The addition of John Ereaux's name to the list of witnesses for the State on the first day of trial was contended to be prejudicial. Section 95-1803(a) provides that upon a showing of good cause the list of witnesses filed with the clerk of court may be amended. The Criminal Law Commission comment to this section indicates that this procedure may be done anytime up until a verdict is found. Here there is no showing of abuse of discretion on the part of the trial judge and we will not reverse unless there is such a showing. It was the victim of the crime whose name was being added. It would certainly seem difficult to claim surprise in an assault action to have the person assaulted testify. The record indicates that defense counsel objected but

made no effort to ask for a postponement or continuance as permitted by statute at the time when the name was added or when Ereaux testified. Section 95-1708, R.C.M. 1947.

Appellant Campbell next asserts that his sentencing was not proper in that the proper procedure for increasing his sentence because of conviction of prior felony was not followed. He claims there was no proper identification of him as being the same Levi Campbell that had committed a burglary in Billings, Montana. In a recent decision we held that before the increased penalty statutes could be used there had to be competent evidence to show that the accused was the person committing the prior felony. State v. Cooper, 158 Mont. 102, 489 P.2d 99 (1971), 28 St.Rep. 835. The State argues in this case that the appellant admitted being in the Montana State Prison during the trial. Upon a careful reading of the record the references the State refers to talk about being in Deer Lodge. The required notice that an increased penalty was going to be sought was served upon the defense counsel in this case and he had ample time at the sentencing hearing to raise any objection to the identity of the accused at that time and he did not. Where there was no objection made to the use of such evidence the appellant will waive his claim that he was not properly identified.

The last issue in this cause is the question of whether or not venue was properly proved during appellant Campbell's trial.

This Court has previously held that venue is a jurisdictional question and not an element of the crime. On the question of proof of venue we held that, "The measure of proof is the same as that required to establish any material fact in a criminal prosecution." State v. Williams, 122 Mont. 279, 280, 202 P.2d 245 (1949). Appellant's counsel argues that venue must be proved

by direct testimony of the facts. We do not agree but rather find as the Ohio Court of Appeals did, that there is no set formula for the proof of venue. State v. Trantham, 22 Ohio App.2d 187, 259 N.E.2d 752, 754 (1969). If there is no established method by which venue must be proved, and it must be proved as any disputed fact, we find nothing that would prohibit the use of circumstantial evidence to meet the standard of proof. The Mississippi Supreme Court reached such a conclusion in Cruthirds v. State, 51 S.2d 747, 748 (Miss. S.Ct., 1951), holding:

> "Venue, like any other fact in a criminal case, may be proved by either direct or circumstantial evidence."

In the record of the trial of appellant Campbell, there is a great deal of circumstantial evidence which would allow this Court to conclude that venue was properly proved in the trial. During the course of the trial there was testimony from five police officers. Each of the five stated that he was employed by the Butte city police department and that he was connected to the investigation of the assault in some official capacity. Two officers testified that they were on their regular patrol when they were called to the Dutch Inn Bar shortly after the beating took place. The trial court could logically infer from this testimony that the assault had taken place within the city limits of Butte, Montana.

The testimony put in by the appellant would also lead to the conclusion that venue was proved. Jimmy Holmes, the only other defense witness, testified that he knew the appellant in Butte during the summer the assault took place. He further testified that on the day of the crime the appellant had visited him in his home and he had accompanied the appellant to the Dutch Inn Bar that night. The appellant, testifying in his own behalf,

stated that he had traveled to Butte, Montana from Billings, Montana on August 6, 1971, and that he was in the Dutch Inn Bar the night John Ereaux was assaulted. We believe this was sufficient circumstantial evidence for the trial court to take judicial notice of the fact the crime took place in Butte, Montana, and that Butte is located within the exterior boundaries of Silver Bow County. State v. Anderson, 156 Mont. 122, 476 P.2d 780 (1970); State v. Harney, ___Mont.____, ____P.2d ____, 29 St.Rep. 627. The Iowa Supreme Court, in State v. Wardenburg, 261 Ia. 1395, 158 N.W.2d 147, 152 (1968), reached the same conclusion when it held:

> " * * * No positive testimony that the violation occurred at a specific place is required, it is sufficient if it can be concluded from the evidence as a whole that the act was committed in the county where the indictment is found. Circumstantial evidence may be and often is stronger and more convincing than direct evidence."

The court then went on to say:

> "' * * * If, from the facts and evidence, the only rational conclusion which can be drawn is that the crime was committed in the state and county alleged, the proof is sufficient * * *.'"

The judgment of conviction is affirmed.

_____
                                            Chief Justice

We concur:

_____
_____
_____
_____
           Associate Justices

- 9 -