In re Petition of KENNETH G. LUCERO.

No. 12397.
Decided Nov. 1, 1972.
Rehearing Denied Nov. 28, 1972.
Supplemental Opinion Jan. 10, 1973.
504 P.2d 992.

## ORDER

PER CURIAM:

Kenneth G. Lucero, appearing pro se, has filed an application for a writ of habeas corpus. Lucero was convicted in the district court of Silver Bow County, Montana of the crime of assault in the second degree and sentenced to a term of ten years imprisonment. At his trial he was represented by court appointed counsel, Mark P. Sullivan, Esq., a former county attorney of Silver Bow County. An appeal was carried to this Court and the judgment of conviction was affirmed on August 29, 1972. See State v. Lucero, 160 Mont. 120, 500 P.2d 805.

Petitioner states that he seeks a trial court transcript of his conviction and that he is being denied due process because he is unable to secure one. Since he was given court-appointed counsel upon his trial and subsequent appeal, and such counsel was furnished transcripts as well as all other documents required at the county's expense for his use on the appeal this Court inquired of petitioner what further could be required. Petitioner replied that he desired to carry his case into the federal courts and for that reason desired a transcript. In this communication the matter of his counsel upon the trial and appeal came into focus, petitioner asserting that his rights were violated since his court-appointed attorney had, while county attorney, pressed charges against him citing section 93-2112, R.C.M. 1947. This section is not applicable because the charge upon which petitioner was convicted did not occur during the term as county attorney of his court-appointed attorney.

However, we investigated the matter to be sure that no miscarriage of justice had occurred and such investigation developed that petitioner was charged with first degree burglary on March 29, 1966, in a justice court in Silver Bow County, the matter being handled by a deputy of the county attorney, such county attorney now being the court-appointed defense counsel

herein. This criminal matter was continued without date and nothing further has been done. On June 20, 1968, petitioner was charged with reckless driving and no driver's license in a justice court in Silver Bow County and there has been no final disposition of this case either.

It should be noted that the prior conviction charged upon the trial of petitioner was not secured in Silver Bow County but in the district court of Granite County. Since the county attorney's office in Silver Bow County was involved in some manner with criminal charges filed against petitioner during the tenure of his court-appointed attorney as county attorney, in the interests of justice and fair play we think he should have been entitled to defense counsel with no previous involvement. We therefore order that the conviction and sentence be set aside and annulled; that the petitioner be granted a new trial and that for the purpose of that trial the court appoint defense counsel with no previous involvement.

If these directions are not carried out within a reasonable time a writ of habeas corpus will issue from this Court.

Supplemental Opinion

PER CURIAM:

On November 1, 1972, an order was issued by this Court in this cause which set aside and annulled the conviction and sentence entered in the district court of Silver Bow County, following the trial of Lucero for the crime of assault in the second degree.

We also ordered that Lucero be granted a new trial and that for that purpose the district court should appoint new defense counsel and, further, that if these directions were not carried out within a reasonable time we would issue a writ of habeas corpus.

Lucero now advises that he is still confined in the state prison, no new lawyer has been appointed for him, and no date has been set for a new trial.

It appears that a reasonable time has passed since the entry of our order of November 1, 1972, and therefore

It is ordered that Lucero be released from the state prison upon receipt by the warden thereof of a duplicate original of this Order. The Order shall be in lieu of a writ of habeas corpus.

The duplicate original of this Order shall be served upon the warden of Montana State Prison by the marshal of this Court.