PETITION OF RICHARD PEPPERLING

No. 12484.
Decided April 3, 1973.
508 P.2d 569.

Richard Pepperling, pro se.

## MEMO OPINION

Richard Pepperling, appearing pro se, has filed an applica-
tion for a writ of habeas corpus seeking release from the Mon-
tana State Prison, where he is presently incarcerated. He con-
tends his constitutional rights, both federal and state, were vio-
lated.

The pertinent facts are: Petitioner was arrested in Oregon in
October 1972 for violation of the terms of a suspended sentence
imposed by the district court in Yellowstone County, Montana.
Later, petitioner was charged in Yellowstone County with first
degree burglary and receiving stolen property. Petitioner waived
extradition and was returned to Yellowstone County and as-
signed court-appointed counsel. Petitioner was convicted and
sentenced to fifteen years imprisonment in January 1973.

Petitioner had previously been charged with burglary in De-
cember 1965 in Yellowstone County. Upon conviction he was
given a three years sentence. The prosecuting attorney in that

instance was the same individual who was court-appointed to defend petitioner in the January 1973 trial.

Petitioner contends that appointing a former prosecuting attorney to defend him was in violation of this Court's decisions in In re Petition of Lucero, 161 Mont. 136, 504 P.2d 992, and In re Petition of Campbell, 161 Mont. 543, 505 P.2d 1214. Petitioner misconstrues the decisions in those cases. *Lucero* and *Campbell* do not stand for the proposition that a former county attorney can at no time later defend persons with whom he once had contact as a prosecutor. We note in *Lucero* that certain justice court charges were left open, while here the three year sentence given in 1965 was completed. There is no showing here that court-appointed counsel had any involvement with the county attorney's office when petitioner was prosecuted in January 1973. It is not the law that the one-time prosecution of a defendant by a former county attorney forever prohibits that attorney from defending that individual on a separate and distinct criminal charge. Section 94-3509, R.C.M. 1947, forbids attorneys to defend cases they once prosecuted. Such is not the case here. No constitutional rights of the petitioner have been violated. See also Petition of Gary Lynn Allen, 161 Mont. 547, 507 P.2d 1049.

The relief sought is denied and the proceeding dismissed.