PETITION OF FRED L. ROMERO

No. 12489.
Decided April 13, 1973.
511 P.2d 1316.

## MEMO OPINION

PER CURIAM:

Petitioner, an inmate of Montana State Prison, appearing pro se, by his petition seeks a writ of habeas corpus, alleging that his court appointed defense counsel had previously, while in the county attorney's office, prosecuted him on three occasions. He alleges that the first case was in July, 1959, and he received a sentence of two years; the second was in May, 1963, and his sentence was one year; the third was March, 1964, and his sentence was 14 years. As to the first two sentences their period of time had long since expired and as we stated in State v.

Allen, 162 Mont. 149, 509 P.2d 849, defense counsel would be free to accept the appointment since he was no longer involved in the prosecution.

Turning now to the third conviction, that of March, 1964, petitioner alleged that the prosecutor in that case was his court appointed defense counsel. That case was appealed to this Court (see State v. Romero, 146 Mont. 77, 404 P.2d 500) and an examination of our Court file indicates that the information was filed on February 28, 1964, executed by William J. Speare as county attorney of Yellowstone County; the first count charged commission of the crime on February 21, 1964, and the second count charged commission of the crime on February 22, 1964. Counsel who represented the State at the trial of the case was Richard W. Anderson, deputy county attorney of Yellowstone County. Nowhere does it appear that court appointed counsel who represenetd petitioner on his latest trial appeared in that prosecution in any manner, and petitioner must be mistaken in his allegations.

We recently dealt with similar contentions in In re Petition of Pepperling, 162 Mont. 524, 508 P.2d 569, and we quote partinent portions of that opinion:

"Petitioner contends that appointing a former prosecuting attorney to defend him was in violation of this Court's decisions in In re Petition of Lucero, 161 Mont. 136, 504 P.2d 992; and In re Petition of Campbell, 161 Mont. 543, 505 P.2d 1214. Petitioner misconstrues the decisions in those cases. *Lucero* and *Campbell* do not stand for the proposition that a former county attorney can at no time later defend persons with whom he once had contact as a prosecutor. We note in *Lucero* that certain justice court charges were left open, while here the three year sentence given in 1965 was completed. There is no showing here that court-appointed counsel had any involvement with the county attorney's office when petitioner was prosecuted in January 1973. It is not the law that the one-time prosecution of a

defendant by a former county attorney forever prohibits that attorney from defending that individual on a separate and distinct · criminal charge. Section 94-3509, R.C.M. 1947, forbids attorneys to defend cases they once prosecuted. Such is not the case here. No constitutional rights of the petitioner have been violated. See also Petition of Gary Lynn Allen, 161 Mont. 547, 507 P.2d 1049.''

■ This Court takes judicial notice of the fact that several of our most eminent and successful criminal defense lawyers are former prosecutors; and that in no case has our attention ever been called to any lack of interest, effort, or competency because of this factor.

The relief sought is denied and the proceeding is dismissed.