The majority incorrectly holds that Ronnie's and Ralphell's adjudications for delinquency for committing gross sexual imposition were supported by sufficient evidence for three reasons: (1) the state failed to establish venue, (2) the state failed to prove the underlying offense beyond a reasonable doubt, and (3) the provisions of the rape statute and the gross sexual imposition statute forbidding sexual conduct or sexual contact with a child thirteen or younger were not meant to make rapists and sexual offenders out of children under the age of thirteen who engage in consensual behavior. I would then not reach the issue of the entries finding the boys guilty of a section of the Revised Code that they were not even charged with violating.
 I. Venue was not Proved
Proof of venue is a constitutional prerequisite for a finding of guilt.[2] The majority concludes, without discussion, that the state proved beyond a reasonable doubt that the alleged acts of delinquency by Ralphell and Ronnie Williams occurred in Hamilton County, Ohio. The majority states that the boys "caused the victim to perform fellatio upon them in the woods near the victim's home in Hamilton County." While venue may be established by all the facts and circumstances and need not be proven in express terms,[3] I believe that the state failed to meet its burden in this case.
The record demonstrates that the victim gave her street address without providing either the county or the state where she resided. During her direct testimony, the victim testified that the woods where the alleged acts of delinquency occurred were behind her house. When asked during cross-examination if the woods were "right" behind her house, the victim stated, "No." A Cincinnati police officer gave the street address of the woods without providing either the county or the state. That testimony was stricken. The officer did testify, however, that the victim lived at an address in Hamilton County. Defense counsel raised the issue of venue in a Crim.R. 29 motion, which was overruled.
This court has been fairly uncompromising in determining what constitutes sufficient evidence to establish venue. For example, inState v. Giles,[4] it was established that items were taken from an apartment located at 5842 Robison Road, Cincinnati, Hamilton County, Ohio. The defendant was arrested two days later at 5850 Robison Road and charged with and convicted of possession of burglary tools. The defendant argued that the state failed to establish that 5850 Robison Road was located in Hamilton County, Ohio. This court agreed that the record failed to provide any direct testimony that 5850 Robison Road was located in Hamilton County, Ohio, and concluded that all the facts and circumstances in the case also failed to establish venue. The reasoning was that "[i]t is a simple, and should be fundamental, matter for the prosecution to establish venue."[5] We also quoted the Ohio Supreme Court's admonition not to be "disposed to encourage the lax method of establishing venue * * *."[6]
In deciding State v. Giles, this court relied on State v. Trantham,[7]
another of our decisions. In State v. Trantham, we "found that evidence that a crime was committed in a house next door to specifically named apartments, in a specifically named town, on a specifically named route was insufficient to establish proof of venue beyond a reasonable doubt."[8]
In more recent cases, we have also held that evidence presented at trial was insufficient to establish venue. In State v. Gardner,[9] we concluded that evidence that a defendant committed an assault at a restaurant that was located at 1412 Vine Street across from the Red Horse Bar at the corner next to Kroger's, and that the defendant lived right around the corner from Kroger's, was insufficient to establish venue. Although the establishment of venue had not been raised for the trial court to consider, we held that the failure to prove venue constituted plain error.
In State v. Drake,[10] we distinguished State v. Gardner, concluding that the Drake record was "replete with `clues' sufficiently `unique' to permit the conclusion" that the store where a theft offense had occurred was located in Hamilton County, Ohio. In Drake, testimony was elicited that demonstrated that the store was "located at 6600 Hamilton Avenue in North College Hill." The testimony included references to specific surrounding Hamilton County neighborhoods and streets; and a police officer testified that he had traced a car used in the theft to an address in Cincinnati, Ohio, that he had contacted the Hamilton County Sheriff's Department to arrange photo arrays, and that the defendant had been taken to the Hamilton County Justice Center.
The record in this case fails to establish venue. The most that the state established was that the victim lived at a certain address in Hamilton County and that the woods were nearby. Because the woods were the site of the allegedly delinquent conduct, the state had the burden to demonstrate that the woods were located in Hamilton County, Ohio. Because the state failed to meet its burden, and because this record is not "replete with `clues' sufficiently `unique' to permit the conclusion" that the woods actually were located in Hamilton County, Ohio, I would reverse the juvenile court's judgment on this ground alone.
 II. The State Failed to Prove Sexual Gratification was the Purpose
Ronnie and Ralphell also argue that the evidence was insufficient to adjudicate them delinquent for committing rape or gross sexual imposition. The underlying offense at issue was the strict-liability prohibition against rape in R.C. 2907.02(A)(1)(b), which involves sexual contact with a person under thirteen years of age. The victim testified that the boys caused her to "suck" their penises by threatening to tell her father that she smoked marijuana. The investigating officer testified that Ronnie had told her that the victim either asked to or told him that she would suck his penis, and that he let her. The officer also testified that Ralphell had told her that the victim had sucked his penis one time.
The juvenile magistrate determined that the state had done a poor job of presenting its case, but, in order to be "fair" to the victim, he found the appellants guilty of the strict-liability provision against gross sexual imposition in R.C. 2907.05(A)(4), a lesser-included offense of the strict-liability prohibition against rape. He concluded that the victim was coerced into performing fellatio because she feared that the boys would tell her father that she smoked marijuana. (The boys were never charged under the section of the rape statute involving force, although the state presented evidence of the threat to tell the victim's father. In its brief, the state argues that the evidence was sufficient to prove forcible rape and gross sexual imposition. Since the boys were never charged with forcible rape, it is more likely that the threat to tell the victim's father that she smoked marijuana was evidence that the fellatio was not consensual.)
When asked why he had based the delinquent adjudications on gross sexual imposition, and not on rape, the magistrate replied,
 Well, the basis is that the State was very, very sloppy in the presentation. And granted, the behavior from the young men was inappropriate, they knew that their mother would disapprove of it. They may not have known that it was criminal behavior, but they knew that their behavior was wrong.
 And the young lady has been damaged or harmed and I think in terms of bouncing [sic] things off, seeing that this is the Juvenile Court system and part of our job is to try to help youngsters when they have done something wrong, this is assuming that they are going to learn from their experience, I think this is a proper approach to take.
 If I were looking at this, at another extreme, I might have found myself dismissing both of these charges, which was something that I don't think would be proper or fair to the victim involved. So I think this is a fair compromise * * *.
The fact that a certain degree of informality prevails in the juvenile justice system does not allow the juvenile court unfettered discretion in the adjudication process. As explained by the Eleventh District Court of Appeals in relation to the acceptance of an admission of true under Juv.R. 29(D), the following aptly describes the general rule:
 [a]lthough juvenile court proceedings are deemed civil in nature, the United States Supreme Court has indicated that "[a] proceeding where the issue is whether the child will be found `delinquent' and subject to the loss of his liberty for years is comparable in seriousness to a felony prosecution." In re Gault (1967), 387 U.S. 1, 36, 87 S.Ct. 1428, 1448, 18 L.Ed.2d 527, 551.
 Accordingly, the Supreme Court [has] held that the Due Process Clause of the Fourteenth Amendment requires that the juvenile court delinquency proceedings measure up to the essentials of due process and fair treatment.[11]
R.C. 2151.35 and Juv.R. 29(E)(4) require that the issues in a delinquency proceeding be proved beyond a reasonable doubt. Thus, all elements of the underlying offense must be proved beyond a reasonable doubt. An adjudication of delinquency without proof beyond a reasonable doubt of the underlying crime violates the Due Process Clause of the Fourteenth Amendment.[12]
I agree with the magistrate that this case proceeded sloppily. Perhaps it should not have proceeded at all.
The evidence in this case, from the victim's standpoint, demonstrates that on three different occasions Ronnie and Ralphell and some other boys went to the victim's house and asked her to come outside. Once she did, Ronnie caused the victim to take his penis in her mouth for, at the most, ten seconds at a time, and Ralphell caused the same conduct twice. While the victim testified that she sucked their penises, she indicated that nothing happened. She stated that Ronnie did not move his penis back and forth while it was in her mouth, and that both of the boys' penises stayed soft. Both boys removed their penises from the victim's mouth when she told them to stop.
Rape requires sexual conduct as defined by R.C. 2907.01(A). In this case, that conduct would be fellatio. The Ohio Supreme Court has defined fellatio "to encompass elements of either stimulation or sexual satisfaction, or both."[13] "Mere penetration of the oral cavity" is insufficient "to complete the offense."[14] While I recognize that now a "child under the age of fourteen is presumed capable of committing rape,"[15] I conclude that the state failed to prove beyond a reasonable doubt that the juveniles in this case caused the victim to engage in fellatio. There was no evidence that the activity here was for the purpose of, or resulted in, and sexual gratification. More likely, the boys heard about this type of activity from older friends, and the boys and the girl here just tried it out — like the younger children "playing doctor" in In re M. D. Or maybe it was much more serious — but there is no evidence that it was. Because the state failed to prove its case beyond a reasonable doubt, the adjudications were in violation of the juveniles' due- process rights.
Assuming that the trial court could have based its adjudications on a lesser-included offense, I believe that the state also failed to demonstrate that the sexual contact required under R.C. 2907.05(A)(4) was done for the purpose of sexually arousing or gratifying either the victim or the offenders.[16] "The fact of touching, in and of itself, is not sufficient for a conviction" of gross sexual imposition, but "may constitute strong evidence of intent."[17] The trier of fact must determine, absent some indication on the defendant's part, whether the touching was done for the purpose of sexual gratification, from the type, nature, and circumstances of the touching and the personality of the defendant.[18] The facts of this case fail to demonstrate that the acts were done for sexual gratification.
 III. If Any are Guilty, All are Guilty
Further, I do not believe that a delinquency adjudication against a child under the age of thirteen for committing rape or gross sexual imposition involving consensual conduct with another child under the age of thirteen furthers the purposes and policies of R.C. Chapter 2151. Surely, the legislature did not intend for statutes defining strict-liability sex offenses to apply to consensual acts where both the "victims" and the "offenders" are under the age of thirteen.[19] If there is absolute liability, then both the boys and the girl could have been prosecuted. While I certainly do not approve of the conduct here, it seems that most cases would require the prosecution of all parties involved.
I agree with the analysis set forth in In re Frederick.[20] In that case, Judge Kenneth A. Rocco, then of the Cuyahoga County Juvenile Court (now of the Eighth District Court of Appeals), examined the legislative intent behind the statute prohibiting rape of a child less than thirteen, and concluded that
 (1) the statute's purpose was to protect young and physically immature victims from vicious sexual advances by offenders "old enough to recognize the physical and psychological immaturity of a person under thirteen"[21];
 (2) it was contrary to this basic understanding to extend the statute to include children close in age engaging in consensual intercourse;
 (3) where the victim and offender are close in age, the presumption that the offender is a vicious offender whose conduct is condemned under R.C. 2907.02(A)(1)(b) is unjust and absurd; and
 (4) as written, the statute would allow both a victim and an offender under thirteen years of age to be convicted of rape.
As Judge Rocco explained,
 While there is a legal definition of "rape" into which [the juvenile offender's] conduct might technically fit, there is also in our society a common understanding of "rape," from which our current laws have evolved. This court does not believe that the only form of rape deserving of punishment is that which occurs at gunpoint in a dark alley. However, to label [the juvenile offender] a rapist, a perpetrator of the most heinous of all crimes save murder, is to sacrifice him to the oversight of our legislature, which this court refuses to do.[22]
Moreover, "[p]ursuant to R.C. 2907.02(A)(1)(b), if both the `victim' and the `offender' are under thirteen, are they both to be charged with the felony one rape of the other?"[23] It is further noteworthy, as the Ohio Supreme Court has recognized in In re M.D.,[24] that "formal court action should be the last resort to resolving juvenile problems." To the same effect, Juv.R. 9(A) provides, "In all appropriate cases formal action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court."
To overcome the consensual aspect of the incident in this case, the state presented evidence at trial of what it termed "coercion"-the threat of telling the victim's father that she smoked marijuana. The state in its appellate brief now cites to cases that hold that force or coercion may be subtle. What the state fails to acknowledge is that its supporting cases apply only to an offender who has a position of authority over the victim,[25] or to instances where the threat ofphysical force can be inferred.[26] Unlike the state's cases, there is in a case such as this generally no disproportionate psychological power or authority among children under the age of thirteen. Thus, without more, I believe that the state failed to show that the activities here were not consensual. For the foregoing reasons, I would reverse the trial court's judgments as being unsupported by sufficient evidence.
[2] Section 10, Article I, Ohio Constitution.
[3] See In re Hackathorn (Dec. 15, 1998), Belmont App. No. 97 BA 29, unreported; State v. Dickerson (1907), 77 Ohio St. 34, 82 N.E. 969, paragraph one of the syllabus.
[4] See State v. Giles (1974), 68 O.O.2d 142, 322 N.E.2d 362.
[5] See id. at 143, 322 N.E.2d at 364.
[6] See id., quoting State v Dickerson (1907), 77 Ohio St. 34,56, 82 N.E. 969, 972.
[7] See State v. Trantham (1969), 22 Ohio App.2d 187, 189,259 N.E.2d 752, 754.
[8] See State v. Giles at 143, 322 N.E.2d at 364, citing Statev. Trantham, supra.
[9] See State v. Gardner (1987), 42 Ohio App.3d 157,536 N.E.2d 1187.
[10] See State v. Drake (June 7, 1995), Hamilton App. No. C-940774, unreported.
[11] See In re Onion (1998), 128 Ohio App.3d 498, 503, 715 N.E.2d 604,607.
[12] See In re Winship (1970), 397 U.S. 358, 90 S.Ct. 1068.
[13] See In re M.D. (1988), 38 Ohio St.3d 149, 152, 527 N.E.2d 286,289.
[14] See id.
[15] See In re Washington (1996), 75 Ohio St.3d 390, 662 N.E.2d 346, syllabus.
[16] See State v. Mundy (1994), 99 Ohio App.3d 275, 289, 650 N.E.2d 502,510; State v. Hamm (Nov. 20, 1998), Hamilton App. No. C-970435, unreported.
[17] See In re Anderson (1996), 116 Ohio App.3d 441, 444, 688 N.E.2d 545,547.
[18] See id. at 443-444, 688 N.E.2d at 546.
[19] See In re Frederick (C.P. 1993), 63 Ohio Misc.2d 229,622 N.E.2d 762;
[20] See id.
[21] See id. at 232, 622 N.E.2d at 764.
[22] See In re Frederick, supra, at 231, 622 N.E.2d at 763.
[23] See id. at 233, 622 N.E.2d at 765.
[24] See In re M.D., supra. at 153, 527 N.E.2d at 290.
[25] See State v. Eskridge (1988), 38 Ohio St.3d 56, 526 N.E.2d 304. See, also, State v. Dye (1998), 82 Ohio St.3d 323, 695 N.E.2d 763.
[26] See State v. Schaim (1992), 65 Ohio St.3d 51, 600 N.E.2d 661.