DECISION
{¶ 1} Appellant Brooke Damron was charged with several counts, but after a bench trial she was found guilty of only one — assault, a first degree misdemeanor. The trial court fined her and sentenced her to 180 days incarceration. The trial court gave her credit for two days, suspended the sentence, and placed her on probation subject to, among other conditions, her attending and completing parenting classes. Appellant appeals making three claims of error. *Page 2 
 1. THE TRIAL COURT DID ERR BY CONVICTING THE DEFENDANT WHEN THE STATE FAILED TO ESTABLISH VENUE.
 2. THE TRIAL COURT DID ERR BY IMPOSING CONDITIONS OF PROBATION THAT ARE NOT RELATED TO THE ORIGINAL OFFENSE.
 3. THE TRIAL COURT DID ERR WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 2} We affirm.
 {¶ 3} Appellant's first assignment of error addresses venue. It is well settled that the state must prove venue beyond a reasonable doubt in a criminal prosecution. R.C. 2901.12(A). Venue is not a material element of the offense charged, but is a fact that the state must prove in criminal prosecutions unless it is waived by the defendant. State v.Headley (1983), 6 Ohio St.3d 475; State v. Bell, 2008-Ohio-3959.
 {¶ 4} What is not so settled is what is sufficient for the state to meet its burden when the classic direct question, "and did this occur in the City of Columbus, County of Franklin, State of Ohio" is not asked or answered. Most courts have held that if there is no direct testimony on venue then it may be proved as any disputed fact by the use of circumstantial evidence to meet the standard of proof.
 {¶ 5} State v. Trantham (1969), 22 Ohio App.2d 187, held at 189,
 There is no formality or express terms by which venue must be proved, but it is mandatory it be proved beyond a reasonable doubt before a conviction can be sustained. State v. Dickerson, 77 Ohio St. 34, 13 L.R.A. (N.S.) 341, 122 Am. St. Rep. 479, 1 Ann. Cas. 1181; State v. Schroyer, 66 Ohio App. 30; State v. Stewart, 79 Ohio App. 340; State v. Neff, 104 Ohio App. 289, are cited to support the conclusion that the real test of whether venue has been proved beyond *Page 3 
a reasonable doubt is that it must be determined from all the evidence.
 {¶ 6} State v. Shuttlesworth (1995), 104 Ohio App.3d 281, held at 286,
 We agree with appellant that at no point did appellee precisely establish that the crime with which appellant was charged had, in fact, occurred in Harrison County, Ohio. However, express evidence is not necessary to establish venue. "Express evidence to establish venue is not necessary, if, from all of the facts and circumstances in the case, it is established beyond a reasonable doubt that the crime was committed in the county and state named in the indictment." State v. Khong (1985), 29 Ohio App.3d 19, 29 OBR 20, 502 N.E.2d 682, paragraph five of the syllabus.
 {¶ 7} In the case before us there was no direct evidence of venue. Initially, the trial court granted the Crim. R. 29 motion on this basis, but on reflection, a review of the record, and reference to cases following the rule in Headley, the court changed its decision. Applying the Crim. R. 29 standard of reviewing the facts most favorably toward the state, the trial court found that the witness's testimony that the assault took place at her house in Columbus and that a sheriff's deputy responded to the call was sufficient to convince reasonable people that venue was proved beyond a reasonable doubt.
 {¶ 8} The court heard testimony from one complainant that the assault took place at 5026 Chatterton Road in Columbus, Ohio. Another testified that a deputy sheriff responded to the scene, but the witness did not specify from which jurisdiction. The Franklin County Sheriff has jurisdiction within all of Franklin County, including municipally incorporated areas. In re Sulzmann (1932), 125 Ohio St. 594; State v.Rouse (1988), 53 Ohio App.3d 48; R.C. 311.07. The Franklin County Municipal Court has venue within all of Franklin County and those portions of the city of Columbus that lie outside the county. State v.Pausch (Jan. 28, 1999), Franklin App. No. 98AP-1096. *Page 4 
In the absence of rebutting evidence, the court could rely on these attested circumstances to establish that venue was shown in the case. This is not a case where the trial judge let the question of venue slide, but actually went back into the record to see if venue had been proven. The first assignment of error is not well taken and is overruled.
 {¶ 9} In her second assignment of error appellant objects to the requirement that she attend parenting classes as a condition of her probation. She argues that her parenting skills were not an issue in this case. The record belies that assertion.
 {¶ 10} The reasonableness of probation conditions must be evaluated using the three-prong test set forth in State v. Jones (1990),49 Ohio St.3d 51, 53. As such, this court should "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation."
 {¶ 11} Parenting classes have a direct relationship to what happened here. This was a fight between an older woman and a young mother about caring for a baby. The contention between appellant's former landlord, Margaret Tyler, and appellant arose almost entirely over this issue. The contention expanded to include confrontation and assault. In the altercation an uninvolved bystander, Mildred Boykin, was struck and bruised. Parenting classes are reasonably related to rehabilitating the offender. From the record in this case there is no question that appellant has parenting problems, and rehabilitation means training or therapy which will make the person able to perform more adequately in the future. The parenting classes are clearly intended to change *Page 5 
conduct which might well lead to child endangerment charges in the future. Attendance and completion of parenting classes as a condition of probation in this case meets the test set out in Jones, and appellant's second assignment of error is overruled.
 {¶ 12} Appellant's third assignment of error raises the sufficiency and the weight of the evidence supporting her conviction.
 {¶ 13} The legal concepts of sufficiency of the evidence and weight of the evidence involve different determinations. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. "`[Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Id., citing Black's Law Dictionary (6th Ed. 1990) 1433. A determination as to whether the evidence is legally sufficient to sustain a verdict is a question of law. Thompkins, at 386. The relevant inquiry on review of the sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis sic.) Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 2789. A reversal based on insufficient evidence has the same effect as a not guilty verdict because such a determination "means that no rational factfinder could have voted to convict the defendant."Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 2218.
 {¶ 14} As opposed to the concept of sufficiency of the evidence, the court in Thompkins noted that "[w]eight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof *Page 6 
will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'"Thompkins, at 388, quoting Black's, supra, at 1594.
 {¶ 15} When reviewing a conviction on a manifest weight basis, the appellate court will examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. An appellate court should reverse a conviction as against the manifest weight of the evidence in only the most "exceptional case in which the evidence weighs heavily against conviction," State v. Martin (1983),20 Ohio App.3d 172, 175, instances in which the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id.
 {¶ 16} Applying those standards to our review of the record in this case, the testimony clearly establishes that there was an assault in this case and that all of the elements of the charge of assault have been proven. The state presented testimony from three witnesses, including the victim, which, if believed, would establish that appellant knowingly caused physical harm to Boykin. All three stated that appellant went to Tyler's home, where appellant had briefly lived as a tenant with her infant son, to retrieve her possessions. All present stated that appellant arrived in a bad mood and became more agitated as she collected her belongings, ultimately pushing Tyler and striking Boykin. While appellant did testify that she was provoked, and the trial court *Page 7 
gave due consideration to this in refusing to convict on the assault charge involving Tyler, there was certainly enough credible evidence in the record to find that the conviction is both supported by sufficient evidence and the manifest weight of the evidence. Appellant's third assignment of error is not well taken and is overruled.
 {¶ 17} Based on the foregoing, the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
 BRYANT and FRENCH, JJ., concur.
GREY, J., retired, formerly of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1