[Cite as *State v. Sullivan*, 2014-Ohio-3112.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130628 |
| | | C-130629 |
| Plaintiff-Appellee, | : | TRIAL NOS. 13TRD-26445A |
| | | 13TRD-26445B |
| vs. | : | |
| | | *O P I N I O N.* |
| LISA SULLIVAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: July 16, 2014

*Terry Nestor*, Interim City Solicitor, *Charlie Rubenstein*, City Prosecutor, and *Eric Cook*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Josh Thompson*, Office of the Hamilton County Public Defender, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1} Following a bench trial, defendant-appellant Lisa Sullivan was convicted of one count of failure to stop after an accident under R.C. 4549.02, and improper backing under Cincinnati Municipal Code 506-28. She has filed timely appeals from the trial court's judgments. We find merit in her arguments, and we reverse her convictions.

{¶2} The record shows that Nicole Jackson and Sullivan were involved in a minor traffic accident at the intersection of Bracket Wood and Shafer Avenues. Jackson's boyfriend was driving her car when the accident occurred, and Sullivan had a male passenger in her car. According to Jackson, Sullivan's car backed into her car, causing damage.

{¶3} Jackson stated that Sullivan asked her not to call the police, and offered to pay for the damage. Jackson did not agree to her request and called the police. While Jackson was talking to some children who had witnessed the accident, and her boyfriend was searching for his insurance information, Sullivan and her passenger got back into Sullivan's car and left the scene without exchanging personal information.

{¶4} Jackson attempted to follow Sullivan's car, but lost it. She conducted her own investigation by looking for the car at different apartment complexes in the area. She eventually found Sullivan's car, which had paint from Jackson's car on it, at an apartment complex at 3450 McHenry.

{¶5} Jackson gave police officer Michael Silberstein the license plate number of the car she had found. Silberstein put together a photograph lineup to show to Jackson. Jackson identified Sullivan as the driver of the car that hit her car.

{¶6} Sullivan presents three assignments of error for review. In her first assignment of error, she contends that the evidence was insufficient to support her

convictions. She argues that the state failed to prove venue beyond a reasonable doubt. This assignment of error is well taken.

{¶7} Under Article I, Section 10, of the Ohio Constitution, a criminal defendant has the right to a trial in "the county in which the offense is alleged to have been committed." *State v. Headly*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983); *State v. Keeling*, 1st Dist. Hamilton No. C-010610, 2002-Ohio-3299, ¶ 22. R.C. 2901.12(A) requires a defendant to be prosecuted in a court with subject-matter jurisdiction in the "territory of which the offense or any element thereof was committed." *Keeling* at ¶ 22. Although venue is not an element of an offense, the state must prove it beyond a reasonable doubt. *Headly* at 477; *Keeling* at ¶ 22.

{¶8} Venue need not be shown by direct evidence, but may be proved by the evidence as a whole or by circumstantial evidence. *State v. Tapke*, 1st Dist. Hamilton No. C-060494, 2007-Ohio-5124, ¶ 59, citing *State v. Gribble*, 24 Ohio St.2d 85, 263 N.E.2d 904 (1970). Venue is established where the testimony justifies the reasonable inference that the violation occurred at the placed alleged in the indictment. *Tapke* at ¶ 59.

{¶9} Sullivan did not raise the issue of whether the state had adequately proved venue in the trial court. Nevertheless, the failure to prove venue is plain error. *State v. Gardner*, 42 Ohio App.3d 157, 536 N.E.2d 1187 (1st Dist.1987). If the prosecution does not present sufficient evidence to prove venue, the conviction must be reversed. *Keeling* at ¶ 22; *Gardner* at 158.

{¶10} At trial, the words "Hamilton County," "Cincinnati," or even "Ohio" were never mentioned. Even Officer Silberstein did not specify the police department for which he worked. The testimony at trial revealed that the accident took place at the intersection of Bracket Wood and Shafer Avenues. The state did not present any

evidence as to where those roads were located. Jackson testified that she found the car that hit her car at 3450 McHenry, but there was no mention of what city, county, or state in which that address was located. Jackson referred to three other streets in her testimony: (1) Madison Road, where she had a job interview at Fifth Third Bank's Operation Center; (2) "Fischer," which Schafer "runs into"' and (3) and "Western Northern Boulevard," which "go[es] to Bracket [Wood]."

{¶11}   We hold that these references are not sufficiently unique to permit the conclusion that the offenses occurred in Hamilton County, Ohio. The record is devoid of any other facts from which reasonable minds could conclude beyond a reasonable doubt that the offenses occurred in Hamilton County. Therefore, the evidence was insufficient to support the convictions. *See Gardner* at 157-158; *State v. Giles*, 322 N.E.2d 362, 364, (1st Dist.1974); *State v. Trantham*, 22 Ohio App.2d 187, 189-190, 259 N.E.2d 752 (12th Dist.1969).

{¶12}   Consequently, we sustain Sullivan's first assignment of error. We find her second assignment of error, in which she argues that the convictions were against the manifest weight of the evidence, and her third assignment of error, in which she argues that she was denied the effective assistance of counsel, to be moot. We, therefore, decline to address them. *See* App.R. 12(A)(1)(c); *State v. Ritze*, 154 Ohio App.3d 133, 2003-Ohio-4580, 796 N.E.2d 566, ¶ 11 (1st Dist.). We reverse the trial court's judgments and order Sullivan discharged from further prosecution for those offenses.

Judgments reversed and appellant discharged.

**CUNNINGHAM, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry this date.