[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Musarra*, "Slip Opinion" No. 2025-Ohio-5058.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5058

THE STATE OF OHIO, APPELLANT, *v.* MUSARRA, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Musarra*, "Slip Opinion" No. 2025-Ohio-5058.]**

*Criminal law—Venue—Crim.R. 29—R.C. 2945.67(A)—A decision terminating a prosecution based on insufficient evidence of venue is a decision granting a motion to dismiss the indictment, complaint, or information that the State may appeal as of right under R.C. 2945.67(A)—State v. Hampton overruled—Trial court's judgment of acquittal based on insufficient evidence of venue was, in substance, a dismissal of the indictment filed against appellee that the State has a right to appeal under R.C. 2945.67(A)—Court of appeals' judgment dismissing the State's appeal as of right reversed and cause remanded to court of appeals for consideration of the State's appeal as of right—Court of appeals' judgment dismissing the State's discretionary appeal affirmed.*

(Nos. 2024-0540 and 2024-0541—Submitted May 13, 2025—Decided November 12, 2025.)

APPEAL from the Court of Appeals for Cuyahoga County,
Nos. 113486 and 113487.

_____

DETERS, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, HAWKINS, and SHANAHAN, JJ., joined.

**DETERS, J.**

{¶ 1} After the State of Ohio presented its evidence in a rape and sexual-battery trial in the Cuyahoga County Common Pleas Court, the defendant moved for judgment of acquittal under Crim.R. 29(A), arguing that the State had not proved that the alleged rape and sexual battery had occurred in Cuyahoga County. The trial court granted the motion. When the State appealed the trial court's decision to the Eighth District Court of Appeals both as of right and as a discretionary appeal, the defendant argued that under this court's holding in *State v. Hampton*, 2012-Ohio-5688, the State was not permitted to appeal the trial court's decision terminating the case based on venue. In one-line entries, the court of appeals dismissed the State's appeals. No. 113486 (8th Dist. Mar. 4, 2024); No. 113487 (8th Dist. Mar. 4, 2024).

{¶ 2} The State argues that *Hampton* was wrongly decided and should be overruled. We agree. Despite the trial court's labeling its decision a judgment of acquittal, a determination that venue has not been established is not equivalent to a determination that the elements of an offense have not been proved. Therefore, the trial court's decision was a dismissal of the indictment, not a judgment of acquittal. And under R.C. 2945.67(A), the State has the right to appeal decisions granting a motion to dismiss the indictment. We therefore overrule *Hampton*. The judgment of the Eighth District is reversed, and the cause is remanded to that court for consideration of the State's appeal as of right.

## I.  BACKGROUND

{¶ 3} The Cuyahoga County Grand Jury indicted Nicholas Musarra on two counts of rape and one count of sexual battery.  The alleged victim was his coworker, Jane Doe.  A jury trial was held in Cuyahoga County.  The evidence at trial showed that Doe and Musarra had several drinks after work one night and that afterwards, Musarra drove the two of them to his home in Doe's car.  The plan was that Doe would call a rideshare from Musarra's home.  Doe requested a rideshare from Lyft but fell asleep before it arrived.  According to Doe, she awoke to Musarra having vaginal intercourse with her.  Doe fled Musarra's home in her car.

{¶ 4} At the close of the State's case-in-chief, Musarra made an oral motion for judgment of acquittal under Crim.R. 29(A).  The primary basis for Musarra's motion was that the State had not presented sufficient evidence that the alleged offenses had occurred in Cuyahoga County.  Musarra also requested acquittal based on the State's alleged failure to offer sufficient evidence of several elements of rape and sexual battery.  However, he largely left the latter basis for acquittal undeveloped.  The trial court granted the motion based on insufficient evidence of venue and entered a judgment of acquittal.  Cuyahoga C.P. No. CR-21-662718-A (Nov. 17, 2023) (second entry).

{¶ 5} The State appealed the trial court's decision to the Eighth District as of right (assigned case No. 113487) and, in the alternative, sought leave to appeal the decision (assigned case No. 113486).  *See* R.C. 2945.67(A).  Musarra filed a motion to dismiss the State's appeal as of right and opposed the State's motion for leave to appeal, arguing that under this court's decision in *Hampton*, 2012-Ohio-5688, the trial court's decision granting the Crim.R. 29(A) judgment of acquittal based on insufficient evidence of venue was not appealable by the State.  For its part, the State acknowledged the holding of *Hampton* but contended that *Hampton* should be overruled in the wake of *Smith v. United States*, 599 U.S. 236, 253-254 (2023), in which the United States Supreme Court held that double jeopardy does

3

not attach to a venue-based judgment of acquittal. In one-line entries, the court of appeals dismissed the State's appeals. No. 113486 (8th Dist. Mar. 4, 2024); No. 113487 (8th Dist. Mar. 4, 2024).

{¶ 6} We accepted the State's appeals of both court of appeals' decisions on the following two propositions of law:

> Proposition of Law I: Establishing venue as set forth in Article I, Sec. 10 of the Ohio Constitution is not an essential element of a crime and it is therefore improper for an Ohio court to grant a jeopardy-attached judgment of acquittal after finding that the State failed to establish venue.
>
> Proposition of Law II: A purported Crim.R. 29(A) "acquittal" based on lack of venue, is not a final verdict. The order is appealable by the prosecution as a matter of right, or by leave under R.C. 2945.67.

*See* 2024-Ohio-2576. We sua sponte consolidated the two cases for briefing. *Id.*

## II. ANALYSIS

### A. The State may appeal a dismissal of all or any part of an indictment, complaint, or information but not a final verdict

{¶ 7} The ultimate question in this case is whether the State may appeal a trial court's judgment terminating a case based on insufficient evidence of venue. The answer depends on how the judgment should be characterized: a decision granting a motion to dismiss an indictment, complaint, or information or a judgment of acquittal. Here, the trial court purported to grant a judgment of acquittal, which must be granted "if the evidence is insufficient to sustain a conviction of such offense or offenses," Crim.R. 29(A). The State argues that failure to establish venue, which was the basis for the trial court's decision, differs from insufficient

4

evidence to sustain a conviction of an offense. Regardless of how it is labeled, a judgment terminating a case based on insufficient evidence of venue is, according to the State, merely a dismissal of the indictment, complaint, or information.

{¶ 8} The distinction between a dismissal of an indictment, complaint, or information and a judgment of acquittal is significant because the State has a statutory right to appeal a dismissal of all or any part of an indictment, complaint, or information but, under existing precedent, not a judgment of acquittal. The State's ability to appeal orders in a criminal case is fixed by R.C. 2945.67(A):

A prosecuting attorney . . . may appeal as a matter of right any decision of a trial court in a criminal case . . . which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case . . . .

{¶ 9} Although R.C. 2945.67(A) unequivocally grants the State the right to appeal a decision granting a motion to dismiss all or any part of an indictment, complaint, or information, it does not expressly forbid the State from appealing a decision granting a judgment of acquittal. Nevertheless, this court has previously concluded that a judgment of acquittal is a "final verdict" that cannot be appealed. *State v. Keeton*, 18 Ohio St.3d 379, 380-381 (1985) (a judgment of acquittal entered before a verdict is returned is a "final verdict"); *State ex rel. Yates v. Montgomery*

*Cty. Court of Appeals*, 32 Ohio St.3d 30, 30-31 (1987) (judgment of acquittal entered after a jury returns a verdict is a "final verdict").[1]

{¶ 10} Following *Keeton* and *Yates*, this court considered whether termination of a prosecution based on the State's failure to establish venue is an acquittal under Crim.R. 29. *Hampton*, 2012-Ohio-5688, at ¶ 18. The court decided that it is. *Id.* at ¶ 24. To reach this conclusion, the court held that the sufficiency-of-the-evidence standard in Crim.R. 29 is not restricted to a failure to prove the elements of an offense. *See id.* at ¶ 23 ("Crim.R. 29 is clear and straightforward and does not limit its application to elements of the offense alone—the trial judge may grant an acquittal when there is a failure of proof to sustain a conviction."). Observing that longstanding precedent required proof of venue to sustain a conviction for an offense, *id.* at ¶ 19-20, the court decided that failure to prove venue was grounds for a Crim.R. 29 judgment of acquittal, *id*. at ¶ 24. Thus, the *Hampton* court held that a judgment of acquittal based on the State's failure to establish venue is a final verdict that may not be appealed. *Id.* at ¶ 25.

### B. A decision terminating a case based on insufficient evidence of venue is a dismissal of the case

{¶ 11} The State and its amici curiae ask us to take a second look at *Hampton*, which they say was wrongly decided. Venue is not an element of an offense, they explain, and so a failure to prove venue does not equate to a failure to prove guilt, the sine qua non of an acquittal. Musarra, for his part, rejoins that venue is a fact that must be proved to sustain a conviction, so insufficient evidence of venue is also insufficient evidence of guilt.

{¶ 12} We conclude that *Hampton* is out of step with the rest of our caselaw. *Hampton* departed from precedent when it equated a determination that venue has

---

1. The question whether *Keeton* and *Yates* correctly expanded the meaning of final verdict to include certain trial-court judgments is at issue in a case that is pending before this court. *See State v. King*, Supreme Court case No. 2024-1608. We leave resolution of that question to *King*.

not been established with an acquittal. Acquittals are based on failure to prove all elements of an offense, and as we will explain, venue is not an element of an offense. A decision terminating a prosecution based on insufficient evidence of venue is, therefore, not an acquittal.

{¶ 13} Start with what an acquittal is. The court's conclusion in *Hampton*, 2012-Ohio-5688, at ¶ 23, that something other than a failure to prove the elements of an offense can form the basis for a judgment of acquittal is not rooted in either the text of Crim.R. 29 or previous decisions by this court. A judgment of acquittal of one or more offenses charged in an indictment, complaint, or information may be granted only "if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29(A). Evidence is insufficient to sustain a conviction only if the State has failed to prove the essential elements of the offense. *See State v. Hancock*, 2006-Ohio-160, ¶ 34 (reviewing for sufficiency of the evidence requires considering whether the elements of the charged offense have been proved beyond a reasonable doubt); *State v. Morales*, 32 Ohio St.3d 252, 255-256 (1987) (explaining that a Crim.R. 29(A) motion for judgment of acquittal should not be granted if reasonable minds could conclude that there was sufficient evidence of each element of an offense). Essentially, a judgment of acquittal is a resolution of culpability. *See Smith*, 599 U.S. at 252-253.

{¶ 14} Venue, on the other hand, is unrelated to culpability. While an acquittal is concerned with *whether* a crime has been committed, venue is concerned with *where* an alleged crime was committed. The venue requirement has its origins in the Ohio Constitution's Vicinage Clause: "In any trial, in any court, the party accused shall be allowed . . . a speedy public trial by *an impartial jury of the county in which the offense is alleged to have been committed*." (Emphasis added.) Ohio Const., art. I, § 10. The provision's "primary purpose . . .

is to fix the place of trial."[2]  *State v. Draggo*, 65 Ohio St.2d 88, 90 (1981).  As this court has previously opined, venue is "*separate and distinct*" from the elements of an offense.  (Emphasis added.)  *Id.*; *accord State v. Jackson*, 2014-Ohio-3707, ¶ 143 (same).

{¶ 15} Because venue is not an element of an offense, we conclude that insufficient evidence of venue is not a basis for a judgment of acquittal under Crim.R. 29.  Drawing a distinction between failure to prove venue and failure to prove the elements of the charged offense is consistent with the United States Supreme Court's recent treatment of the subject in *Smith*, when the Court held that the Double Jeopardy Clause does not bar retrial based on a successful venue objection, *Smith* at 253-254.  The Court explained that a failure to prove venue is "fundamentally different" from a verdict of acquittal.  *Id.* at 252.  Termination of a trial because of a finding that the defendant is not culpable—an acquittal—is unreviewable.  *Id.* at 253.  Culpability, or its absence, is determined by "a resolution, correct or not, of some or all of the factual elements of the offense charged" or by the establishment of "essentially factual defenses" that provides "a legally adequate justification for otherwise criminal acts."  (Cleaned up.)  *Id.*  In contrast, "reversal of a conviction based on a violation of the Venue or Vicinage Clauses, even when styled as a 'judgment of acquittal' under [Fed.R.Crim.P.] 29, plainly does not resolve the bottom-line question of criminal culpability."  (Cleaned up.)  *Id.*  We agree.

{¶ 16} Termination of a prosecution based on insufficient evidence of venue is a dismissal, not an acquittal, because it does not resolve whether the defendant committed the charged offense.  The inaccurate labeling of a motion and attendant judgment entry does not transform what is substantively a dismissal of an indictment, complaint, or information into a judgment of acquittal.  *See id.*, 599

---

2. R.C. 2901.12(A) also mandates that criminal trials "be held . . . in the territory of which the offense or any element of the offense was committed."

8

U.S. at 253-254. "[W]e ought rather to look to the substance than to the form of words made use of." *Cincinnati v. Gwynne*, 10 Ohio 192, 193 (1840) (looking to the "true character of the whole proceeding" rather than to the form of a judgment); *accord United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977) ("we have emphasized that what constitutes an 'acquittal' is not to be controlled by the form of the judge's action").

{¶ 17} Musarra contends that we should adhere to *Hampton*, but his arguments are unavailing. He argues that *Hampton* correctly observed that venue is a fact that must be proved at trial and that the State therefore cannot sustain a conviction without sufficient evidence of venue. *See Hampton*, 2012-Ohio-5688, at ¶ 20, 24. Although this court has held that "venue is a fact which must be proved in criminal prosecutions,"[3] *State v. Headley*, 6 Ohio St.3d 475, 477 (1983), venue is a fact necessary to show compliance with a defendant's constitutional and statutory rights. However, venue is not a fact necessary to show whether an offense has been committed.

{¶ 18} Musarra also claims that the court's conclusion in *Hampton* that an acquittal can be based on insufficient evidence of venue is supported by *State v. Nevius*, 147 Ohio St. 263 (1947). A close reading of *Nevius* refutes this argument. True, the court held that the defendant's motion to direct a verdict of acquittal should have been sustained based on venue. *Nevius* at 266-267. But the court did not discharge the defendant from all prosecution for the offense at issue; instead, it discharged him from prosecution in the *same* county. *Id.* at 286. And it observed that rather than granting the defendant's motion, the trial court could have committed the defendant to await a warrant for his arrest for that offense from the correct county. *Id.* at 268. The court crafted its decision as something other than a

---

3. The State argues that it should not be required to prove venue beyond a reasonable doubt. We do not reach that argument because it is not necessary for resolving this case.

full acquittal, notwithstanding its tacit acceptance of the directed-verdict label used by the defendant. *Nevius* is therefore not in tension with our holding here.

{¶ 19} Despite claiming to be rooted in "[o]ver a century of well-established jurisprudence," *Hampton* at ¶ 24, the court's conclusion in *Hampton* that a Crim.R. 29 judgment of acquittal may be granted based on the State's failure to establish venue was a departure from precedent. When *Hampton* was decided, this court had already firmly established the fundamental relationship between an acquittal and an offense's elements, *see Walden v. State*, 47 Ohio St.3d 47, 51 (1989) ("a verdict or judgment of acquittal in a criminal trial is a determination that the state has not met its burden of proof on the essential elements of the crime"), and the distinction between venue and the elements of an offense, *see Draggo*, 65 Ohio St.2d at 90 (venue is "separate and distinct" from the elements of an offense). *Hampton* deviated from these established principles. We return to these principles by overruling *Hampton* and holding that a decision terminating a case based on failure to prove venue is merely a dismissal of the indictment, complaint, or information, not a judgment of acquittal.

## C. The State has a right to appeal the trial court's decision granting Musarra's motion

{¶ 20} Returning to the facts of this case, we conclude that the trial court's purported judgment of acquittal was, in substance, a dismissal of the indictment filed against Musarra. This is apparent both from Musarra's oral motion and from the trial court's journal entries.

{¶ 21} In Musarra's oral Crim.R. 29(A) motion, he raised two bases for acquittal on all the charged offenses. He made a perfunctory argument that the State had failed to submit sufficient evidence of several material elements of the charged offenses. However, the primary basis for his motion was that the State had offered no evidence that Cuyahoga County was the proper venue. To the extent

that Musarra's motion raised a venue defense, it was a motion to dismiss the indictment.

{¶ 22} After initially overruling Musarra's motion, the trial court instructed the parties "to provide caselaw and/or evidence regarding the issue of venue" and reserved its right to revisit its ruling on Musarra's motion. Cuyahoga C.P. No. CR-21-662718-A (Nov. 17, 2023) (first entry). When the trial court revisited its decision and granted Musarra's motion, it did so "based upon the caselaw and evidence presented by the parties." Cuyahoga C.P. No. CR-21-662718-A (Nov. 17, 2023) (second entry). The caselaw and evidence presented by the parties related to the issue of venue, not sufficiency of the evidence of the material elements of the charged offenses. It is apparent that the trial court terminated this case because it found that the State had failed to establish venue.

{¶ 23} The trial court's judgment was a decision granting a motion to dismiss the indictment, even though Musarra cited Crim.R. 29(A) as the motion's basis. Under R.C. 2945.67(A), the State may appeal the trial court's decision as of right.

### D. The State's appeal is ripe for resolution

{¶ 24} There remains one final argument for this court to resolve. Musarra asks the court to find that the State's appeals are not yet ripe, because they hinge on contingent events that may not occur—namely, the State has not yet requested a retrial and the trial court has not yet denied one. Before the State may argue that *Smith*, 599 U.S. 236, permits a retrial, Musarra says, the State must raise this claim in the trial court. We disagree.

{¶ 25} The availability of a retrial is not the primary issue in this appeal. As the State's two propositions of law demonstrate, the issue here is whether the State may appeal a purported judgment of acquittal based on insufficient evidence of venue under R.C. 2945.67(A). And that issue does not depend on contingent

SUPREME COURT OF OHIO

events. The State has already tried to appeal and had its two appeals dismissed by the court of appeals. Thus, the appeals before this court are ripe for review.

### III. CONCLUSION

{¶ 26} Insufficient evidence of venue differs from insufficient evidence of one or more elements of an offense. And a judgment of acquittal is permitted only when the State has failed to produce sufficient evidence of an offense's elements. Thus, a decision terminating a prosecution based on insufficient evidence of venue is a dismissal of the indictment, complaint, or information. This court's decision to the contrary in *Hampton*, 2012-Ohio-5688, is inconsistent with long-held pronouncements from this court on what constitutes an acquittal and on the distinction between venue and elements of an offense. It also improperly restricts the State's ability to appeal decisions terminating a prosecution based on insufficient evidence of venue. We therefore overrule *Hampton*.

{¶ 27} We hold that a decision terminating a prosecution based on insufficient evidence of venue is a decision granting a motion to dismiss the indictment, complaint, or information that the State may appeal as of right under R.C. 2945.67(A). Accordingly, we reverse the judgment of the Eighth District Court of Appeals and remand the cause to that court to proceed in case No. 113487. Because we reverse the judgment as to the State's appeal as of right in case No. 113487, the State's discretionary appeal in case No. 113486 is unnecessary. Therefore, we affirm the Eighth District's judgment dismissing case No. 113486.

Judgment affirmed in part
and reversed in part
and cause remanded.

———————————

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Tasha L. Forchione, and Michael R. Wajda, Assistant Prosecuting Attorneys, for appellant.

12

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellee.

Dave Yost, Attorney General, Mathura J. Sridharan, Solicitor General, and Stephen P. Carney, Deputy Solicitor General, urging reversal for amicus curiae Ohio Attorney General Dave Yost.

Steven L. Taylor, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.

_____