[Cite as *Highland Hills v. Safford*, 2026-Ohio-456.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF HIGHLAND HILLS, :

    Plaintiff-Appellee, :

                                 No. 115179

    v. :

JERRELL SAFFORD, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 12, 2026

---

Criminal Appeal from Bedford Municipal Court
Case No. 25TRD02893

### *Appearances:*

Thomas P. O'Donnell, Highland Hills Law Director, *for appellee.*

Ronald A. Annotico, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Jerrell Safford appeals his conviction for minor misdemeanor failure to maintain marked lanes or continuous lines, which was rendered after a bench trial. Finding no merit to the appeal, we affirm.

{¶ 2} On April 4, 2025, appellant was driving northbound on Warrensville Center Road in his Honda. James Olson was also operating his vehicle, a Dodge Ram truck, heading in the same direction. Both cars stopped for a red light at the intersection of Warrensville Center Road and Harvard Avenue. There are three northbound lanes at this intersection; the right curb lane and middle lane are through lanes of travel. There is also a left turn lane. Appellant was in the right curb lane, and Olson was in the middle lane. A third vehicle was in the left turn lane. Appellant and Olson's vehicles were next to one another in the second position at the light — there were cars in front of both appellant and Olson that were stopped for the light.

{¶ 3} Appellant argues that before the light turned green, he began to move into the center lane in front of Olson's vehicle and had completely merged into the lane when Olson sped up and hit his vehicle. Olson testified that he did not see appellant's vehicle until after it collided with his truck.

{¶ 4} Detective Karl Fike of the Highland Hills Police Department and an auxiliary police officer responded to the scene. Detective Fike drove a Highland Hills marked police vehicle. He was in his police-issued uniform and wearing a body camera. Footage from the camera was entered into evidence. Footage from a security camera on the roof of nearby South Pointe Hospital was also entered into evidence.

{¶ 5} According to Detective Fike, appellant told him that he "believed the reason the accident happened was because when he attempted to merge, Mr. Olson

drove forward in the center lane and prevented that merging from happening." (Tr. 48.) Detective Fike also testified that appellant told him that he was at fault for the accident, telling the detective, "I happen to be at fault." *Id.* Detective Fike surmised that appellant was unable to see the truck before he merged because his driver's side mirror was hanging off the car. Appellant was issued a traffic citation for failure to maintain marked lanes, a violation of Village of Highland Hills Cod.Ord. ("H.C.O.") 331.08.

{¶ 6} The trial court found appellant guilty, fined him $150 with $100 suspended, and court costs. Appellant filed a stay pending appeal, which the trial court granted.

{¶ 7} Appellant timely appealed and raises three assignments of error for our review.

> I. The trial court committed reversible error when it failed to advise Appellant of his right to counsel or ensure that his decision to proceed to trial without counsel was knowing, voluntary, and intelligent.

> II. The Prosecution failed to prove venue and the Trial Court committed plain error in finding Appellant guilty.

> III. The Trial Court's findings of fact and guilty verdict were against the manifest weight of the evidence.

{¶ 8} In the first assignment of error, appellant claims that the trial court erred when it proceeded to trial without first informing him of his right to counsel.

{¶ 9} In Ohio, an individual charged with a minor misdemeanor, who faces no possible jail time as a sentence, is not entitled to appointed counsel. *Mentor v. Meyers*, 2014-Ohio-2011, ¶ 17 (11th Dist.). H.C.O. 331.08 is a minor misdemeanor

offense, which is not punishable by jail time. Therefore, appellant was not entitled to counsel and the trial court did not err when it did not advise appellant that he had a right to counsel.

{¶ 10} Appellant's first assignment of error is overruled.

{¶ 11} In his second assignment of error, appellant claims that the city failed to prove venue.

{¶ 12} Appellant never raised the issue of venue with the trial court. Consequently, "a defendant waives all but plain error when the failure to demonstrate venue is not called to the attention of the trial court." *Parma v. Gardner*, 2025-Ohio-5517, ¶ 21 (8th Dist.), citing *State v. Brock*, 2019-Ohio-3195 (2d Dist.). Plain error is an obvious error in the trial court proceedings that affects the outcome of the trial. *Gardner* at *id.*, citing *State v. Rogers*, 2015-Ohio-2459.

{¶ 13} Ohio's venue statute provides that "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and . . . in the territory of which the offense or any element of the offense was committed." R.C. 2901.12(A). Likewise, H.C.O. 501.05(a)(1) provides that a person is subject to criminal prosecution if the person commits an offense "under the laws of this Municipality, any element of which takes place in this Municipality."

{¶ 14} Under art. 1, § 10 of the Ohio Constitution and R.C. 2901.12, evidence of proper venue must be presented in order to sustain a conviction for an offense. *Gardner* at ¶ 23, citing *State v. Foreman*, 2021-Ohio-3409, ¶ 13. "'[V]enue is a fact necessary to show compliance with a defendant's constitutional and statutory rights.

However, venue is not a fact necessary to show whether an offense has been committed.'" *Gardner* at *id.*, quoting *State v. Musarra*, 2025-Ohio-5058, ¶ 17.

{¶ 15} "Although venue is not a material element of any criminal offense, it is a fact that must be proved at trial beyond a reasonable doubt, unless it has been waived by the defendant." *Gardner* at *id.*, citing *State v. Headley*, 6 Ohio St.3d 475 (1983). Ohio courts have long held that venue does not need to be proven in express terms, "so long as it is established by all the facts and circumstances that the crime was committed in the location alleged." *Gardner* at ¶ 24, citing *State v. Gribble*, 24 Ohio St.2d 85 (1970), *see also State v. Smith*, 2024-Ohio-5030, ¶ 2 (reiterating that direct evidence is not required to prove venue).

{¶ 16} Thus, venue may be established by circumstantial evidence. *Gardner* at *id.*, citing *State v. Wright*, 2019-Ohio-4460, ¶ 65 (8th Dist.). And the trial court has broad discretion to determine the facts that would establish venue. *Gardner* at *id.*, citing *Toledo v. Taberner*, 61 Ohio App.3d 791, 793 (6th Dist. Jun. 9, 1989).

{¶ 17} In this case, venue was established by both direct and circumstantial evidence. Olson, the driver of the Dodge Ram, testified that the accident occurred in Highland Hills. The Highland Hills Police Department responded to the scene. The detective wore his city-issued police uniform and drove a marked vehicle, with "Highland Hills Police" printed in large letters on the side of the vehicle. This vehicle is easily seen in the detective's body-cam video.

{¶ 18} Detective Fike's testimony identified the location as the intersection of Warrensville Center Road and Northfield Road, which is in Highland Hills. Detective Fike also twice testified that the accident occurred in Highland Hills.

{¶ 19} Additionally, the citation, which Detective Fike testified to, noted the location of the accident as having occurred in Highland Hills, Cuyahoga County, Ohio. Thus, we find that venue was established by all the facts and circumstances presented at trial. Moreover, appellant was convicted after a bench trial, and a trial court has broad discretion to determine the facts that would establish venue. *Gardner* at ¶ 31, citing *Taberner*, 61 Ohio App.3d 791 (6th Dist. Jun. 9, 1989).

{¶ 20} The second assignment of error is overruled.

{¶ 21} In the third assignment of error, appellant contends that his conviction was against the manifest weight of the evidence.

{¶ 22} A challenge to the manifest weight of the evidence questions whether the trier of fact clearly lost its way in resolving factual disputes, thereby resulting in a manifest miscarriage of justice. *State v. Wilks*, 2018-Ohio-1562, ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380 (1997). Such a challenge attacks the credibility and persuasiveness of the evidence presented. *State v. Whitsett*, 2014-Ohio-4933, ¶ 26 (8th Dist.), citing *Thompkins* at 387. The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Nicholson*, 2024-Ohio-604, ¶ 71.

A reversal on manifest-weight grounds is reserved for the rare case in which the evidence weighs heavily against the conviction. *Nicholson* at *id*.

{¶ 23} Appellant points to his version of events — that he had already made the lane change into Olson's lane when Olson's truck hit his car — to support his claim.

{¶ 24} As the trier of fact, the court was in the best position to observe the demeanor of the witnesses and to assess their credibility. *State v. Jordan*, 2023-Ohio-3800, ¶ 26, citing *Thompkins* at *id*. Based on the evidence presented at trial, we do not find that this is the rare case that warrants reversal. The evidence showed that Olson's vehicle was traveling straight in its lane when appellant, who most likely did not see Olson because his driver's side mirror was hanging off the car, attempted to merge into Olson's lane, causing the collision.

{¶ 25} Accordingly, the third assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR