[Cite as *State v. McCalister*, 2026-Ohio-1979.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellant,         :

                                   No. 115960

    v.                                       :

JOHN MCCALISTER,                        :

    Defendant-Appellee.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 28, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-704558-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione and MaryAnn Zaky, Assistant Prosecuting Attorneys, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellee*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant the State of Ohio ("the State") appeals the dismissal of a penalty enhancement attendant to a charge for operating a motor vehicle while

under the influence of alcohol ("OVI") brought against defendant-appellee John McCalister ("McCalister"). The State claims the following error:

> The trial court erred in granting appellee's motion to dismiss enhancement where appellee failed to make a prima facie showing that the predicate OVI conviction was constitutionally infirm, and the State's exhibits demonstrated written waivers and advisements.

{¶ 2} McCalister concedes the error and acknowledges that he failed to make the prima facie showing that the predicate OVI offense necessary for the penalty enhancement was constitutionally infirm. After conducting an independent review of the record and the applicable law, we agree the trial court erred in dismissing the penalty enhancement. We, therefore, reverse the trial court's judgment and remand the case to the trial court for further proceedings.

## I. Facts and Procedural History

{¶ 3} In August 2025, McCalister was charged with two counts of OVI, in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(2)(a). Both counts included furthermore clauses alleging that McCalister had three prior OVI convictions within the last ten years, namely an OVI conviction in the Stow Municipal Court on May 28, 2024, an OVI conviction in the Garfield Heights Municipal Court on October 5, 2022, and an OVI conviction in the Akron Municipal Court on June 21, 2018. The furthermore clauses elevated the offenses to fourth-degree felonies.

{¶ 4} In October 2025, McCalister filed a motion to dismiss enhancement of the OVI offenses, arguing that OVI conviction in the Stow Municipal Court could not be used as a predicate offense to elevate the present OVI charge because his guilty

plea to the OVI in the Stow Municipal Court was "uncounseled," meaning he was not represented by counsel. He also asserted that he was not properly advised of the enhancement of subsequent OVI convictions when he pleaded guilty in that case. In support of the motion, McCalister presented only the sentencing entry from the Stow Municipal Court dated May 28, 2024, which stated that McCalister appeared "without counsel."

{¶ 5} The State opposed the motion to dismiss, arguing the Stow conviction was not constitutionally infirm. The State argued that although McCalister was not represented by counsel in the Stow case, the record showed that he was advised of his rights and penalties, including the fact that subsequent OVI convictions would carry enhanced penalties. The State attached three exhibits to its brief in opposition: two different acknowledgments and waivers of rights and the sentencing entry. Regarding the advisement of enhanced penalties, the acknowledgment and waiver of rights marked as State's exhibit No. 1 states in paragraph nine:

> Certain offenses, such as Operating a Vehicle Under the Influence (OVI), Driving Under Suspension (DUS), Domestic Violence, or _____ will have enhanced penalties on a second or subsequent conviction.

{¶ 6} The words "Operating a Vehicle Under the Influence (OVI)" are circled and McCalister wrote his initials next to them. He also signed the waiver at the bottom of the page. The form further states that "hav[ing] been informed of these rights and understanding them," McCalister "knowingly and voluntarily waive[d] them" and entered a guilty plea.

{¶ 7} State's exhibit No. 2 similarly states that McCalister understood his right to retained or appointed counsel, that the judge "explained" the dangers of self-representation, that the court reviewed the nature of the offense with him, and that McCalister knowingly, intelligently, and voluntarily waived his right to counsel.

{¶ 8} Finally, the sentencing entry marked as State's exhibit No. 3 notes that although McCalister appeared without counsel, he was advised of the nature of the charge, the minimum and maximum penalties, and "all rights set forth in Criminal Rules 11 and/or Traffic Rules 8 and 10." The sentencing entry further states that after "having executed a written waiver of rights form," McCalister entered a guilty plea, which the court found "was knowingly and voluntarily entered with a full understanding of rights waived and potential penalties[.]"

{¶ 9} After receiving McCalister's motion and the State's brief in opposition, the trial court granted the motion to dismiss the enhancement without a hearing. The State timely appealed.

## II. Law and Analysis

{¶ 10} R.C. 2945.67(A) authorizes the State to appeal, as a matter of right, certain decisions, including an order granting a motion to dismiss. *State v. Musarra*, 2025-Ohio-5058, ¶ 2. Therefore, the State's appeal is properly before this court as a matter of right.

{¶ 11} We review a trial court's judgment on a motion to dismiss de novo. *State v. Bauer*, 2014-Ohio-2980, ¶ 5-6 (8th Dist.). In a de novo review, we afford

no deference to the trial court's decision. *State v. Buehner*, 2021-Ohio-4435, ¶ 43 (8th Dist.).

{¶ 12} As previously stated, McCalister was charged with two counts of OVI offenses in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(2). Both counts were charged as fourth-degree felonies because of McCalister's three prior OVI convictions.

{¶ 13} R.C. 4511.19(A)(1)(a) provides that "[n]o person shall operate any vehicle . . . within this state, if, at the time of the operation . . . [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." Ordinarily, "an offender who violates this provision is guilty of a first[-]degree misdemeanor." *State v. Gerken,* 2023-Ohio-2244, ¶ 22 (6th Dist.), citing R.C. 4511.19(G)(1)(a). However, if the offender has previously been convicted of OVI on three or four prior occasions within ten years of the offense, the offense of OVI becomes chargeable as a fourth-degree felony. R.C. 4511.19(G)(1)(d).

{¶ 14} "When the existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state." *State v. Brooke*, 2007-Ohio-1533, ¶ 8. "'R.C. 2945.75(B)(2) requires the state to make a prima facie showing of the prior convictions.'" *Gerken* at ¶ 22, quoting *State v. Meyers*, 2015-Ohio-5499, ¶ 10 (6th Dist.). However, when the State seeks to use a prior conviction to enhance the degree of a subsequent offense, the defendant may

collaterally challenge the prior conviction by making a prima facie showing that the prior conviction is constitutionally infirm. *See generally Brooke.*

{¶ 15} In the sole assignment of error, the State argues the trial court erred in dismissing the penalty enhancement because McCalister failed to make the required prima facie showing that the predicate OVI conviction was constitutionally infirm.

{¶ 16} As a general rule, "[a]n uncounseled misdemeanor conviction cannot be used to enhance a sentence in a later conviction." *State v. Neely*, 2007-Ohio-6243, ¶ 13 (11th Dist.), citing *State v. Brandon*, 45 Ohio St.3d 85, 87 (1989). "An uncounseled conviction is one where the defendant was not represented by counsel nor made a knowing and intelligent waiver of counsel." *Id.*, citing *State v. Carrion*, 84 Ohio App.3d 27, 31 (9th Dist. 1992.).

{¶ 17} When a defendant challenges the use of a prior conviction on the ground that he or she has entered an uncounseled plea in the prior case, he or she bears the initial burden of presenting evidence to establish a prima-facie showing of constitutional infirmity. *Brooke*, 2007-Ohio-1533, at ¶ 11. "Once a prima facie showing is made that a prior conviction was uncounseled, the burden shifts to the state to prove that there was no constitutional infirmity." *Id.* at paragraph one of the syllabus; *see also Brandon* at 88. The State may prove that absence of any constitutional infirmity by proving a valid waiver of counsel. *Brooke* at ¶ 54.

{¶ 18} In *State v. Thompson*, 2009-Ohio-314, the Ohio Supreme Court clarified the term "uncounseled" as used in *Brooke*. The Court explained that the

term "uncounseled" can refer to "a person who [wa]s not represented by an attorney or a person who [wa]s not represented by an attorney and who did not validly waive his or her right to counsel." *Thompson* at ¶ 5. However, "a defendant cannot establish a prima facie showing as to 'uncounseled' merely by establishing that he or she had been convicted without representation." *Id*. at ¶ 6. Furthermore, "'[w]here questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima facie showing of constitutional infirmity.'" *Id*., quoting *Brandon* at syllabus. In other words, we must "presume that the trial court in the prior convictions proceeded constitutionally until a defendant introduces evidence to the contrary." *Id.*

{¶ 19} The only evidence McCalister presented to prove that his Stow conviction was "uncounseled" was the sentencing entry stating that he appeared "without counsel." He did not provide any transcript, recording, testimony, or affidavit establishing an invalid waiver of counsel. He, therefore, failed to present threshold evidence supporting his uncounseled-conviction claim. McCalister, himself, concedes that he failed to meet his initial burden under *Brooke* and that the burden never shifted to the State. Therefore, the trial court erred in dismissing the penalty enhancement that was allegedly based on McCalister's Stow conviction.

{¶ 20} Accordingly, the sole assignment of error is sustained.

{¶ 21} The trial court's judgment is reversed, and the case is remanded to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
ANITA LASTER MAYS, J., CONCUR