[Cite as *State v. Dockery*, 2026-Ohio-2207.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250359 |
| | | TRIAL NO. | 25/CRB/5223 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| LINWOOD DOCKERY, | : | *JUDGMENT ENTRY* | |
| Defendant-Appellant. | : | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is vacated and the cause remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed to Appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 6/12/2026 per order of the court.**

**By:**_____
    **Administrative Judge**

[Cite as *State v. Dockery*, 2026-Ohio-2207.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250359 |
| | | TRIAL NO. | 25/CRB/5223 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| LINWOOD DOCKERY, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Vacated and Cause Remanded

Date of Judgment Entry on Appeal: June 12, 2026


*Emily Smart Woerner*, City Solicitor, *Susan M. Zurface*, Chief Prosecuting Attorney, and *Robert E. Rickey*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Christine Y. Jones*, Assistant Public Defender, for Defendant-Appellant.

**NESTOR, Judge**

{¶1}    After a bench trial, the court found Linwood Dockery guilty of criminal damaging.  He now appeals arguing the State did not prove venue beyond a reasonable doubt.  We agree.  Consequently, his other assignments of error are moot.  We vacate his conviction and remand the cause so that the trial court can dismiss the charge.

## I.  Factual and Procedural History

{¶2}    On April 1, 2025, Dockery arrived at the residence of Damon Smith.  In footage from Smith's house, Dockery was across the street.[1]  Eventually, Dockery walked up to Smith's front door and asked for "Damon."  A woman responded through a Ring doorbell that Damon was not home.  Dockery then went across the street and threw a log at a 1975 Buick.  The Buick and the property it was parked on belonged to Smith.

{¶3}    The matter proceeded to a bench trial where Smith testified.  Smith stated that he had seen Dockery before at Doug's Automotive, which was "right down the street," from his house.  The State asked if Doug's Automotive was "in the City of Cincinnati, Hamilton County, State of Ohio?"  and Smith answered, "Yes, it is."  The alleged crime did not occur at Doug's Automotive.

{¶4}    Smith testified that on April 1, 2025, he was away from home when his Ring camera alerted him to movement at his house.  The video showed Dockery throwing a log at the Buick.  When asked if he consented to Dockery's acts, Smith stated that he did not.  In the video, there are trashcans that may be marked "City of Cincinnati" in the bottom right of the frame.

{¶5}    Smith testified that he owned the property that the car was parked on,

---

[1] The State introduced the footage at trial.

and that he was in possession of the car's keys. The car itself belongs to his sons who are in the military.

{¶6} Officer Joshua Condon also testified at trial. The defense called Officer Condon to identify the defendant. Importantly, Officer Condon was not asked and did not testify what police department he worked for.

{¶7} The trial court found Dockery guilty of criminal damaging. The court did not sentence Dockery that day because it wanted to give Smith the chance to produce evidence for restitution. Smith had text messages suggesting costs, but the trial court requested receipts.

{¶8} At the sentencing, Smith did not appear nor did he submit any receipts to support a restitution amount. The court noted, if Smith wanted to recover, "he is going to have to sue him civilly." The court sentenced Dockery to 90 days in the Hamilton County Justice Center, with 88 days suspended and credit for 12 days.[2] The court also placed Dockery on community control for 11 months. Dockery timely appealed.

{¶9} After oral arguments, we requested supplemental briefing on the issue of venue. We asked if the trashcans that appeared in Smith's Ring camera footage could circumstantially prove venue. Secondly, we asked if the State failed to establish venue, what was the proper remedy considering *State v. Musarra*, 2025-Ohio-5058?

## II. Analysis

{¶10} Dockery brings three assignments of error. First, he argues the State failed to present sufficient evidence of venue. Second, he argues his conviction was based on insufficient evidence and that it was contrary to the manifest weight of the

---

[2] Dockery raised an assignment of error related to his sentence. The State conceded any error in the sentence. We do not reach this issue because it is moot.

evidence.  Last, he argues the trial court erred in its sentencing.  Because we find merit in his first assignment, the other two are moot.

### A.  First Assignment of Error

#### 1.  Venue

**{¶11}**  In his first assignment of error, Dockery argues the State did not prove venue beyond a reasonable doubt.  Dockery acknowledges that he did not argue this below, so he has waived everything but plain error on appeal.  With venue, we still review for plain error.  *State v. Sullivan*, 2014-Ohio-3112, ¶ 9 (1st Dist.), citing *State v. Gardner*, 42 Ohio App.3d 157, 158 (1st Dist. 1987).

**{¶12}**  "Under Article I, Section 10, of the Ohio Constitution, a criminal defendant has the right to a trial in 'the county in which the offense is alleged to have been committed.'"  *Sullivan* at ¶ 7, quoting *State v. Headley*, 6 Ohio St.3d 475, 477 (1983).  "'Venue need not be shown by direct evidence, but may be proved by the evidence as a whole or by circumstantial evidence.'"  *Id.* at ¶ 8, quoting *State v. Tapke*, 2007-Ohio-5124, ¶ 59 (1st Dist.).  If there are any "facts from which reasonable minds could conclude beyond a reasonable doubt that the offense[] occurred in [Cincinnati]," then we can hold that the State proved venue.  *Id.*  at ¶ 11.

**{¶13}**  In *Sullivan*, "the words 'Hamilton County,' 'Cincinnati,' or even 'Ohio' were never mentioned."  *Id.* at ¶ 10.  Additionally, the testifying officer did not say which police department he worked for.  *Id.*  The victim named many streets which exist in Cincinnati, Ohio.  *Id.*  However, "these references [were] not sufficiently unique to permit the conclusion that the offenses occurred in Hamilton County, Ohio."  *Id.* at ¶ 11.

**{¶14}**  The record in this case has much less evidence of venue than that in *Sullivan*.  Here, the State asked Smith if Doug's Automotive was in Cincinnati, Ohio.

He answered in the affirmative. The offense took place at Smith's house which he testified is "right down the street" from Doug's Automotive. The State argues that since Doug's Automotive is in Cincinnati, Ohio, Smith's house is also in Cincinnati, Ohio. We cannot draw such a conclusion.

{¶15} While the record has references to Dockery's home being on a well-known Cincinnati street and Smith's home being within that two-mile radius, the State did not present those facts at trial. Similarly, the State argues in its brief that the complaint refers to Cincinnati, Ohio. The State also did not introduce the complaint at trial. Additionally, Officer Condon worked for the Cincinnati Police Department, but he did not testify to that. The State says in its brief, "Cincinnati Police Officer Joshua Condon investigated the offense, and 'CPD is a police department commonly known to be in Hamilton County, Ohio.' (T.d. 1, 2; 6/2/25 T.p. 17-19); *Walker*, 2025-Ohio-975 at ¶ 52." But that internal quote is from *State v. Walker*, 2025-Ohio-975, ¶ 52 (1st Dist.). Officer Condon did not say he worked for CPD at trial, nor did he say anything remotely similar. The defense called him as a witness and his testimony began with being asked to spell his name. He said, "Sure. My last name is spelled C-o-n-d-o-n, my first name is Joshua, and my Badge Number is P329." Immediately after, the defense questioned him about the facts related to identification and possession but not venue. The State did not cross examine Officer Condon, so the State did not ask him anything to prove venue.

{¶16} Also present in the Ring footage are trashcans that appear to be marked "City of Cincinnati." This court asked the parties if such evidence might circumstantially prove venue. For the State to prove venue, there must be "facts from which reasonable minds could conclude beyond a reasonable doubt that the offenses occurred" in Cincinnati. *Sullivan*, 2014-Ohio-3112, at ¶ 11 (1st Dist.). Dockery states

in his supplemental brief, "the label on the trashcans is obstructed; thus, reasonable minds could disagree on whether the trashcan is sufficiently labeled as a can issued by the City of Cincinnati." We agree.

{¶17} We conclude that the State failed to prove venue beyond a reasonable doubt.

### 2. *Remedy*

{¶18} When the State has failed to prove venue in the past, we reversed the judgment and discharged the defendant from further prosecution. *State v. Quattara*, 2025-Ohio-2850, ¶ 16, 18 (1st Dist.). However, The Ohio Supreme Court has recently reiterated that "venue is not an element of an offense." *State v. Musarra*, 2025-Ohio-5058. *Musarra* overturned *State v. Hampton*, 2012-Ohio-5688.

{¶19} In *Hampton*, the Ohio Supreme Court held "[t]he failure to establish venue in a criminal felony trial is a basis for acquittal, and therefore, an acquittal order based on the failure to establish venue is a final verdict, and the state may not appeal from the order." *Hampton* at ¶ 2.

{¶20} In *Musarra*, the trial court granted a judgment of acquittal under Crim.R. 29(A) because the State did not prove that the crime occurred in Cuyahoga County. *Musarra* at ¶ 1. The State tried to appeal, but the Eighth District dismissed the appeal relying on *Hampton*. *Id.* The Supreme Court reversed the Eighth District, holding that "insufficient evidence of venue is not a basis for a judgment of acquittal under Crim.R. 29," which allowed the State to bring the appeal. *Id.* at ¶ 15. The Ohio Supreme Court cited to *Smith v. United States*, 599 U.S. 236 (2023). *Id.*

{¶21} In *Smith*, the Supreme Court of the United States held in a unanimous decision that a trial in an improper venue does not bar retrial. *Smith* at 254. After a jury found the defendant guilty in *Smith*, the defendant moved for a judgment of

acquittal based on improper venue under Fed.R.Crim.Proc. 29. *Id.* at 240. The district court denied his motion. *Id.* He appealed and the Eleventh Circuit held that venue was improper. *Id.* But the Eleventh Circuit held "the 'remedy for improper venue is vacatur of the conviction, not acquittal or dismissal with prejudice[.]'" *Id.* at 241. This outcome was permissible because the "'Double Jeopardy [C]lause is not implicated by a retrial in a proper venue.'" *Id.* On appeal, the Supreme Court of the United States agreed. *Id.* at 239. It held that culpability invokes the Double Jeopardy Clause. *Id.* at 253. Since venue does not invoke culpability, venue does not invoke the Double Jeopardy Clause. *Id.* at 253-254. As a result, the United States could retry Smith in the proper venue. *Id.*

{¶22} *Smith* differs from the instant case because here the State simply failed to prove venue. *Musarra* deals with the same factual issue but it is procedurally different. *Musarra* relies on *Smith*, but *Musarra* does not explicitly say the State can retry that defendant if venue was not proven. Neither case is entirely on point.

{¶23} *Musarra* simply overrules *Hampton* and allows the State to appeal the issue of failure to prove venue. Importantly though, *Musarra* clearly reiterates that venue does not implicate the Double Jeopardy Clause. *Musarra*, 2025-Ohio-5058, at ¶ 15. In the past, when the State failed to prove venue, appellate courts have not given justification for why the remedy is discharge. That was simply the remedy.[3] Assumably, the reason was a potential double jeopardy violation. In light of *Musarra*, we can no longer justify a defendant's discharge with the Double Jeopardy Clause.

{¶24} *Smith* explicitly allows for retrial. *Smith*, 599 U.S. 236 at 239. *Musarra*

---

[3] *See Sullivan*, 2014-Ohio-3112, at ¶ 12 (1st Dist.); *Quattara*, 2025-Ohio-2850, at ¶ 18 (1st Dist.); *State v. Shaw*, 134 Ohio App.3d 316, 320 (2d Dist. 1999); *State v. Hester*, 1979 Ohio App. LEXIS 12480, *8 (4th Dist. May 24, 1979); *State v. Deng*, 2009-Ohio-4101, ¶ 32 (11th Dist.); *State v. Smith*, 2020-Ohio-4008, ¶ 35 (12th Dist.).

implies the State may refile charges against a defendant if the State does not prove venue before it rests its case. *See Musarra* at ¶ 24-25. We believe that these cases together guide us to vacate the conviction and dismiss the charge due to the State's failure to prove venue. We therefore vacate Dockery's conviction and remand the cause so the trial court may dismiss the charge.

{¶25} Accordingly, we sustain appellant's first assignment of error. Having sustained his first assignment of error, we hold the other assignments are moot.

### III. Conclusion

{¶26} We vacate the conviction and remand the cause so the trial court may dismiss the charge.

Judgment vacated and cause remanded.

**CROUSE, P.J.,** and **MOORE, J.,** concur.